## LUCIUS A. JACKSON *v.* CHARLES L. JACKSON.

*Principal and Surety. Recovery by Surety of Usurious Interest Paid for Principal.*

A surety on a promissory note, who becomes such at the request of the principal, and, with him, agrees to pay interest thereon at a greater than the lawful rate, and who pays the note after it has fallen due, with interest at the agreed rate, may recover of the principal the money he so pays, it being paid, as between him and the principal, at the request and for the use of the principal; and it makes no difference that a part thereof was usurious interest and not collectible of the surety, nor that a part was usurious interest that accrued after the note matured.

ASSUMPSIT. The case was referred, and the referee reported the following facts :

On November 26, 1856, the plaintiff, as surety for his brother the defendant, and at his request, signed a promissory note of that date for $1,000, payable to Horace H. Dyer, or order, in one year from date, with interest annually, it being then agreed among all the makers and the payee that ten per cent. annual interest should be paid on the note. The defendant took the money for which the note was given and went to his home in California, where he remained until shortly before this action was brought. The defendant did not pay the note at maturity, but the plaintiff and his father, Charles Jackson, paid interest thereon, from time to time, until October 14, 1862, when they paid part of the sum

Jackson *v.* Jackson.

due, reckoning interest at the rate of ten per cent., in accordance with the agreement, and gave their note of that date for the unpaid balance, of which they each thereafter paid one half.

The referee found for the plaintiff to recover the sum by him so paid on the note with interest thereon.

The defendant excepted to the report, for that the referee had allowed interest at a rate greater than six per cent., which the plaintiff had not been legally bound to pay, and for that he had allowed interest on such interest. But the court, at the April Term, 1877, Chittenden County, PIERPOINT, C. J., presiding, rendered judgment, *pro forma*, on the report, for the plaintiff; to which the defendant excepted.

————, for the defendant.

The plaintiff was bound to pay only $500 with annual interest at six per cent. He can recover only what he was bound to pay. If he paid more to gain time he cannot recover. *Hargrave* v. *Lewis*, 3 Ga. 103 ; *Thurston* v. *Prentiss*, 1 Mich. 193.

At most he can recover ten per cent. for only one year.

*E. R. Hard*, for the plaintiff.

If the payment of usurious interest by the plaintiff was made at the request, or with the assent or approval, of the defendant, express or implied, the plaintiff is legally entitled to reimbursement. The report states substantially that it was so paid. But if it does not so state, the facts reported warrant the inference that the payment was so made ; and it is to be presumed that such inference was drawn by the court. *Birchard* v. *Palmer*, 18 Vt. 203 ; *Barber* v. *Britton*, 26 Vt. 112.

The opinion of the court was delivered by

ROSS, J. It is found by the referee that in 1856 the plaintiff signed for the defendant, as surety, a one thousand dollar note, payable in one year from its date, with the interest annually, and that at the time the money was obtained and the note given, it was " agreed between all the makers and the payee, that ten per cent. annual interest should be paid on the note." The defend-

Jackson v. Jackson.

ant had all the money on the note and took it with him to California. When the note became due, the defendant did not pay it as it was his duty to do, and the note was allowed to run until 1862, when the plaintiff and the other surety took it up, and paid to the payee, with what they had paid before that time as interest thereon, ten per cent. interest on the note. The only question is, whether the plaintiff is entitled to recover the extra interest which he paid on the note. At the request, and for the benefit, of the defendant the plaintiff signed the note, and stipulated that ten per cent. should be paid on the *note*, not that ten per cent. should be paid on it for the year before it became due, but on the *note*, that is, so long as the note remained unpaid. This is the contract which the plaintiff entered into at the request and for the benefit of the defendant. The defendant never relieved him from it, nor notified him that he did not wish him to abide by it. When, therefore, the plaintiff paid the holder of the note his half, with ten per cent. interest thereon, he paid it in fulfilment of the contract which the defendant had requested him to enter into as his surety, and so paid it at the defendant's request. It being paid at the defendant's request, the fact that the excess above six per cent. was usurious, and for that reason its collection could not have been legally enforced, can make no difference. The defendant had the right to pay it, and to request the plaintiff to pay it for him. When paid by the defendant personally, or by the plaintiff as his agent at his request, he alone had the right to recover it back. It was equally at the defendant's option to have it paid, and to waive its recovery back when paid. Having exercised his option to have it paid, and having not only requested, but honorably bound the plaintiff to pay it, the fact that it was a claim not enforceable in law is immaterial. If the defendant had requested the plaintiff to make a gift to any one of a certain sum of money, he could recall the request until the money was actually passed over, but after the money had passed, he could not revoke it, nor be heard to say that the law would not have compelled him to have executed his request to the plaintiff to make the gift. As between the plaintiff and defendant, it was a payment by the plaintiff of money to the use of the defendant at his request. The

counsel for the defendant concede that the extra interest paid for the year before the note fell due is recoverable because paid at the defendant's request. But, as we have seen, by the terms of the stipulation entered into by the makers of the note with the payee, ten per cent. was to be paid on the *note*. And, as between the plaintiff and defendant, it was the duty of the defendant to put an end to the existence of the note by paying it. The stipulation was a request to plaintiff to pay the ten per cent. until the defendant, or some other one in his behalf, did end the existence of the note by its payment. *Ford* v. *Keith*, 1 Mass. 139. This holding does not conflict but is in accord with *Thurston* v. *Prentiss*, 1 Mich. 193, cited by the defendant. In that case the plaintiff was allowed to recover the extra or usurious interest which he paid on the obligation on which he was surety for the defendant, but not allowed to recover the extra interest which he paid on his own obligation given to raise money with which to take up the obligation on which he was surety. The case of *Hargrave* v. *Lewis*, 3 Ga. 162, also cited by the defendant, is not to the point, as in that case the bill charged that the surety colluded with the payee to have judgment pass against him for the debt and usury, to defeat the orator's right to have the usury deducted on the original obligation, which implies that the surety knew it was not the intention of the principal to submit to the payment of the usury. No such fact is hinted at in the case at bar.

*Judgment affirmed.*