S. F. SMITH *v.* H. W. LINCOLN.

A recognizor on a writ may pay the costs for which he was held, though barred by the Statute of Limitations, and recover from his principal the amount so paid.

HEARD by the court on an agreed statement, at the September Term, 1881, VEAZEY, J., presiding. An action had been brought and judgment rendered against the plaintiff in this case for the costs in the suit in which he had recognized; and this action is brought to recover what he has paid, as such surety on the writ, for the defendant. Judgment for the plaintiff. The facts are sufficiently stated in the opinion.

*W. W. Stickney* and *J. B. Phelps*, for the defendant.

The judgment recovered against this plaintiff in consequence of his suretyship, is not conclusive of his right to recover of the defendant. A judgment is not, as a general rule, conclusive evidence for either party in an action against one, who was a stranger to the former proceedings, who had no opportunity to examine witnesses or defend himself. Starkie Ev. (10 ed.) 317 ; Bigelow Estop., 66 ; *Bramble* v. *Poultney*, 11 Vt. 208 ; *Nason* v. *Blaisdell*, 12 Vt. 165 ; *Briggs* v. *Boyd*, 37 Vt. 534 ; *Burrill* v. *West*, 2 N. H. 190 ; *Littleton* v. *Richardson*, 34 N. H. 179 ; 5 Wait's Act. and Def. 212.

The statement shows that the claim against the recognizor was fully barred by the statute ; and we submit that the plaintiff cannot revive his own liability after it has ceased to exist or been put to rest by the Statute of Limitations, and recover over. *Morrison* v. *Cassell*, 25 Ill. 368 ; *Kimble* v. *Cummins*, 3 Metc. (Ky.) 327 ; *Randolph* v. *Randolph*, 3 Rand. (Va.) 490 ; *Hatchett* v. *Pegram*, 21 La. An. 722 ; *Bachellor* v. *Priest*, 12 Pick. 398 ; *Ellicott* v. *Nichols*, 7 Gill, (Md.) 86.

Smith v. Lincoln.

*W. H. Smith*, for the plaintiff.

The defendant cannot take advantage of the plaintiff's neglect to plead the Statute of Limitations in the suit against him for the costs. 18 Pick. 369; 7 Cow. 662.

The opinion of the court was delivered by

ROWELL, J.   We do not decide when debt on a recognizance in a writ is barred by the Statute of Limitations.   The decision of that question is not necessary to a determination of this case, for if the action against the plaintiff on his recognizance was barred, we hold that he was not bound to avail himself of that defence. Plaintiff entered into his recognizance at defendant's request, and his payment thereof must be taken to have been equally at defendant's request, and for his benefit.   Of what avail to defendant would plaintiff's defence of the statute have been, since the judgment against defendant was in full force at the time plaintiff was sued ?   *Shaw* v. *Loud*, 12 Mass. 461.

In *Cahill* v. *Bigelow & Tr.* 18 Pick. 369, it was held that the trustee was not bound, against his own choice, to set up the Statute of Frauds, to avoid his verbal promise to pay a debt due from the defendant to a third person.   The Statute of Limitations does not extinguish the debt or other liability, but only takes away the right to enforce it against the will of the party liable.

*Ellicott* v. *Nichols*, 7 Gill, 85, relied upon by the defendant, is not in point.   There the question was, whether one partner, by acknowledgments and admissions made after the dissolution of the firm, and after the statutory bar had attached to the firm note in suit, could remove the bar as to the other partners, and it was held that he could not.

In *Bachellor* v. *Priest*, 12 Pick. 398, plaintiff's liability on the draft indorsed by him never became fixed, and so it was held that the consideration for the bill in suit, which he held as collateral security for his indorsement of said draft, had failed.   It is not necessary, as an unqualified proposition, that a surety should be under legal obligation to pay, in order to raise an implied promise on the part of his principal to repay.   *Jackson* v. *Jackson*, 51 Vt. 253, is to the contrary.                Judgment affirmed.