HARTFORD AS A SCHOOL DISTRICT *vs.* SCHOOL DISTRICT NO. 13 IN HARTFORD.

October Term, 1896.

Present: Ross, C. J., TAFT, ROWELL, MUNSON, START and THOMPSON, JJ.

*Trial by Court—Findings of Fact and Conclusions of Law—Right of Abolished School District to Pay Outlawed Debt.*

The county court having found and certified the facts regarding a certain order decided that "upon all the testimony in the case the defendant was not legally indebted thereon." *Held*, that this was a conclusion of law.

A party excepting to a judgment of the county court upon facts found by it, is not entitled to question, in the supreme court, items entering into the judgment but not specifically objected to below.

A school district abolished by the act of 1892 has a right, in settling its pecuniary affairs, to pay a just debt though barred by the statute of limitations, and may insist that such debt be deducted in determining the balance due from the district to the town.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by court at the May Term, 1896, Windsor County, *Tyler,* J., presiding. Judgment for the plaintiff. The defendant excepted.

The action was brought to recover the funds in the hands of the defendant when the act of 1892 abolishing the former school districts went into operation.

The defendant, against the plaintiff's exception, introduced in evidence an order given one H. E. Tinker, in 1885, by the defendant's prudential committee, and claimed that the

amount of the same should be deducted from the funds in its hands.          •

*J. J. Wilson* and *J. G. Harvey* for the defendant.·

*S. E. Pingree* and *W. E. Johnson* for the plaintiff.

MUNSON, J. The question litigated before the county court was whether the balance otherwise payable to the plaintiff, as shown by the accounts of the defendant, should be reduced by an allowance of the Tinker order as an indebtedness of the district; and the court rendered judgment for the plaintiff for the balance shown by the accounts with that order disallowed. The defendant excepted to the introduction of the auditor's report showing the accounts, and to the rendition of such judgment. In the accounts presented were two items of cash received for tuitions and hay, to which the attention of the court was not specifically directed; and the defendant now claims that the judgment was erroneous because these items entered into the balance, and insists that it can avail itself of this error under the exceptions taken. But we think a consideration of this matter is forbidden by the rule which restricts this court to the review of questions raised below. It is clear that the county court assumed, and had a right to assume, the correctness of every item to which its attention was not particularly called. The right of the district to have these items excluded from the accounting was not asserted on the trial, and the question will not be considered here.

The county court found and certified the facts in regard to the Tinker claim, and "upon all the testimony in the case * * decided that the defendant district was not legally indebted" upon the order. The plaintiff insists that this was a finding of facts, and that consequently no question was saved by the defendant's exceptions. But the court found the facts to be as testified to by Mr. Tinker, and it appears from his testimony that the order was given him for his services as treasurer, and that it had not been paid.

These facts having been found, it is clear that the court's further determination was a conclusion of law from all the facts in the case.

Upon the finding made, as above stated, it is to be considered that the order was legally issued.  So the case presented is that of a just debt, barred by the statute of limitations.  The running of the statute does not extinguish a debt, but prevents its collection if insisted upon.  The right to plead the statute is a personal privilege, of which the debtor may avail himself or not as he chooses.  *Smith* v. *Lincoln,* 54 Vt. 382; *Sanger* v. *Nightingale,* 122 U. S. 176. Doubtless the legislature might have transferred the rights of the old district to the town district in such a manner as to give the latter the same right to insist upon the statute. But it has not done this.  The provision is that the indebtedness shall be paid by the district in the settlement of its pecuniary affairs.  The adjustment by which the balance for transfer is to be determined is left in the hands of the old district.  In making that adjustment the district could lawfully pay a just debt, although barred by the statute.

*Judgment reversed, and judgment for plaintiff for $1561.98, with interest from January 1st, 1894.*