IN RE ELECTA HALL'S, EST., S. A. E. WALTON, admx., apt., E. R. SKINNER, exr., apee.

January Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Administration Account—Assets Lost through Executor's Negligence— Right to Defend Suit—When Chargeable with Interest—Whether Wife's Wardrobe a Part of Her Estate—Exception—Costs.*

An executor is chargeable in his administration account with assets of the estate which have been lost through his negligence.

If it does not otherwise appear, the legal presumption is that a wife's wardrobe was furnished by the husband, it being his duty to furnish it, and upon her decease it belongs to the husband and is no part of the wife's estate.

It was contended that the executor should not be allowed his expenses incurred in contesting certain claims presented against the estate of a deceased husband of the testatrix, inasmuch as the testatrix had released that estate from all claims in her favor. But as the consideration received by her for that release was liable to be recalled in case there should be a shortage of assets, it cannot be said as a matter of law that the executor had no interest to defend, and as it is found that he acted in good faith and under the advice of competent counsel, the expenses should be allowed.

The executor is entitled to the statutory fee per diem although, in ignorance of the law, he made his charges at a lower rate.

The executor is not to be charged with interest upon the account, for it does not appear that he received or was negligent in failing to receive interest upon the funds of the estate, nor that he used them for his own purposes.

An exception to the rendition of a judgment in the county court does not reach back to a question, made upon trial, to which no exception was taken and which it was not necessary to determine in order to render a valid judgment.

The executor is not entitled in this court to insist upon the allowance of his charges for expenses incurred in the settlement of his account, having failed to except to the disallowance of those charges by the county court. Whether he is barred from recovering these items in the final accounting is not considered.

Neither party having prevailed upon all of his exceptions, neither is allowed costs in this court.

APPEAL from probate. Heard upon the report of a commissioner at the June Term, 1897, Orange County, *Thompson*, J., presiding. Both parties excepted.

The pertinent facts not stated in the opinion are presented by the following extract from the report:

"Electa Hall died February 22, 1885, leaving the will of which the appellee, Skinner, is executor. Under this will John Hall, her surviving husband, was sole legatee. It is dated December 23, 1882, and was probated May 21, 1885. It was presented for probate by the executor March 4, 1885.

"Electa Hall had been four times married. She was the wife of Samuel Austin from 1820 to 1859, of Abijah Mosher from 1861 to 1874, of John Walton from September 28, 1876, to June 1, 1877, and of John Hall from January 11, 1882, to the date of her death, February 22, 1885. She was then eighty-one years old and had always resided in Tunbridge on the same farm. Her third-husband, John Walton, had been the husband of her sister. Sarah A. E. Walton, the appellant, was a daughter of that marriage and so a niece of Electa. John Walton left two other children of such former marriage, a son, Jasper, of California, and a daughter, Lovila, wife of Daniel T. Foster of Illinois. He had lived in Vermont during the most of his life but in 1872, while a resident of Illinois, had made a will in

that state which was there probated after his death in Vermont, such probate proceedings taking place August 2 and 6, 1877. That will was never offered for probate in this State. Under it Ezra M. Prince of Illinois was executor and Jasper and Lovila were beneficiaries,— Sarah being expressly cut off for the stated reason that she had already received her share. In December, 1877, Mrs. Foster came to Tunbridge and in the name and with the authority of the executor settled with Electa for the latter's share in the estate of John Walton, relinquishing to her certain assets of the estate and receiving from her a receipt expressing the terms of their settlement which reads as follows: 'I, Electa Walton, widow of John Walton, deceased, have received from the executor of said John Walton by hand of Lovila M. Foster five hundred dollars in full of all allowances out of and claims against said estate and hereby waive and release all claims and rights whatever against said estate.'

"Of this settlement the present executor had knowledge when it was made.

"No letters of administration upon the estate of John Walton were taken out in Vermont until this appellant was appointed Nov. 4, 1885, and in that appointment no notice was taken of the will.

"Commissioners upon the estate of Electa Hall were duly appointed and the appellant presented before them as administratrix of John Walton a claim amounting to $4,889.00, which was wholly disallowed. Her appeal was entered at the June Term, 1886, of this court. The cause was referred and upon the coming in of the report a *proforma* judgment was rendered for the sum of $1,549.28, to which exceptions were taken by the defendant, resulting in a judgment in the Supreme Court in favor of this appellant for the sum of $530.32, damages, as of May 8, 1894. The nature of this claim as well as the grounds upon which it was defended is shown by the report of the case, 66 Vt. 455,

which is referred to and made a part hereof for the purpose of having the facts therein stated treated as found here. A considerable portion of the appellee's charges for services and disbursements grew out of this contest.

"Commissioners upon the estate of John Walton were duly appointed and before them a claim was presented in favor of Emma Steele for services to John Walton as nurse, amounting to $32.60. The executor of Electa Hall's will contested the claim. It was allowed in full by the commissioners and the executor appealed. At the December Term, 1889, of this court the plaintiff Steele obtained a judgment for $8.60 without costs. The executor's charges in connection with this contest are all disputed.

"This appellant presented a claim of $1,108.02 in her individual favor before the commissioners on John Walton's estate, and that claim was also contested by this executor. It was disallowed by the commissioners and taken by appeal to this court and afterwards to the supreme court on exceptions, the judgment at each stage being in favor of the estate. This appellee was notified at the beginning and frequently during the course of litigation upon this and the Steele claim that this appellant regarded his participation in those controversies as beyond his right and province as executor of Electa Hall's will. All items in the executor's account connected with these two contests are objected to by the appellant."

*Roswell Farnham* and *R. M. Harvey*, for the appellant.

*Tarbell & Whitham* and *D. C. Denison & Son*, for the appellee.

TAFT, J. The questions in this case arise upon the report of a commissioner to settle the administration account of Edward R. Skinner, executor of the will of Electa Hall. The commissioner charges the executor with five items, which are objected to, the first being for money on hand at the death of the testatrix; the second for wood, furniture

and other property left by the testatrix, which disappeared after her death. The commissioner reports that these items were lost to the estate by reason of the want of ordinary diligence on the part of the executor in the performance of his duty. They were part of the estate and lost through his negligence, and were properly charged to him. The third item objected to was for the testatrix's wardrobe. At Electa's death her husband, John Hall, was living, and it is claimed that the wardrobe of the testatrix belonged to her and should be accounted for as part of her estate. It does not appear how the testatrix acquired her wardrobe, whether it was in such a manner that it was held to her sole and separate use, or by gift from her husband. Nothing appearing in that respect we presume it was provided for her by her husband, whose duty it was to do so, and by the common law the title of it was in him. Therefore, upon the death of the testatrix it should not be accounted for as a part of her estate, as it was the absolute property of her husband. The inference from the report is that the husband took it upon the death of his wife, and always retained it. It never came into the hands and possession of the executor, and as it did not belong to the estate it cannot properly be charged to him. As bearing upon the question of the ownership of the wife's apparel, it may be noted that V. S. 2403 and 2418, which give the wearing apparel of the husband to the widow, also provide that upon the death of a husband the widow's apparel and ornaments shall not be appraised as a part of her husband's estate. This provision would be wholly unnecessary if the title of the apparel and ornaments of the wife were not in the husband.

As to the next item, the Aaron King note, it was the duty of the executor to have recovered it, and had he exercised reasonable diligence he could have controlled the proceeds of it. He is therefore chargeable with the sum named. And for the same reason he is chargeable with the remaining

item, the rental value of the farm for the three years it was occupied by Hall, the testatrix's husband. The rent was lost through the negligence of the executor and the item was properly charged to him.

The appellee excepted to the disallowance of his expenses in defending the suits of Steele and the appellant, Walton, against the estate of John Walton. These items were disallowed by the court below, and the appellant claims that the estate of Electa Hall had no interest whatever in the estate of John Walton, as Electa Hall had discharged the estate from all claims that she may have had as the widow of John Walton, in consideration of five hundred dollars paid her by the executor of the will, proved in Illinois; and that, therefore, the Hall estate had no right to defend the allowance of claims against the estate of John Walton. A portion of the five hundred dollars so received by her, was property within this jurisdiction, and were it needed in the administration of John Walton's estate, within this state, it was liable to be recalled from her or her estate. Any debt due John Walton, the situs of which was in this state, was liable to be collected by the administrator here. The administration of the estate in Illinois only drew to it the assets having their situs in that state. The settlement with the executor in Illinois had no effect as to the assets that had their situs in this state. *Walton* v. *Hall's Estate*, 66 Vt. 455. We cannot say as matter of law that the widow of John Walton had no interest in his estate in this jurisdiction, notwithstanding her settlement with the executor of the will in Illinois. The liability of Mrs. Hall, or her estate, to be called upon by the administrator of John Walton's estate here in Vermont, to return funds that she may have received in the settlement in Illinois, was such as gave her a right to contest the allowance of claims against that estate in this jurisdiction, gave her such an interest therein as justified the executor in contesting these claims, and it is reported that he acted in good faith and upon the advice of legal counsel of good

standing that such was his duty. He should be credited with these items. Whether the settlement with the estate in Illinois affected the widow's rights in her husband's estate in this jurisdiction it is unnecessary to consider.

The court properly allowed the executor for his services two dollars per day, although he had charged his time at one dollar. He was ignorant of the statutory fee, and the commissioner reports that two dollars per day was a fair compensation for his services. He was not in law bound by his charge of one dollar. *Hard* v. *Burton*, 62 Vt. 314. The appellant claims that interest should be charged upon the account of the executor, but under the circumstances of this case, as reported by the commissioner, we do not so hold. An executor is chargeable with interest upon funds in his hands when he has used them for his own purposes; when he has received any interest for the use of them; and when, from any neglect of his, he has failed to receive interest. Whether an executor should be charged with interest must, to a great extent, depend upon the facts of each particular case, having regard to the well settled rules of law. In the case before us the executor had no money in his hands; at times was compelled to borrow to meet the expenses of administration, and although he was negligent in not collecting certain assets of the estate it is not found that he did not act honestly and in good faith. It does not appear that if he had not been negligent he would have had sums sufficient to have made suitable loans, or could, as a matter of fact, have received any interest whatever. All that he could have realized as assets it might have been prudent for him to retain to meet the constantly recurring expenses of the litigation in which the estate was involved. There is no finding of fact by the commissioner that he was negligent in respect to not receiving interest, and the ruling of the court below in respect to it was correct. The result of our holding is, that the executor stands charged with all the items charged him in the court below, except the one for the testa-

trix's wardrobe, namely, $2,020.20 less $50.00 being $1,970.20, and is credited with the sums credited him by the report of the commissioner, $1,302.80; and the accounts for lawyers' fees and disbursements in contesting the claims against John Walton's estate, $294.66 and $83.76, namely, $1,681.22, leaving a balance of $288.98.

Judgment is reversed and judgment that there is in the hands of the executor, belonging to said estate, $288.98, and interest since the judgment below, $11.02,—in all $300.00.

The executor claims that the expenses incurred by him in this proceeding should be allowed him in the settlement of the account. It does not appear from the record that any exception was taken to the disallowance of the items by the county court, unless it is embraced in the exception to the judgment. The question should have been called directly to the attention of the court, so it could have been considered and passed upon. An exception to the rendition of a judgment does not reach back to a question, made upon trial, to which no exception was taken, and which it was not necessary to determine in order to render a valid judgment. *Farrant* v. *Bates*, 60 Vt. 37; *Hartford* v. *School District*, 69 Vt. 147. Whether the executor is barred from a recovery of these items upon a final accounting is not before us and we need not consider.

> *Neither party succeeding upon all his exceptions, no costs are allowed in this court, and it is ordered that the judgment herein be certified to the Probate Court.*