L. M. KINSEY, Appellee, v. CECIL C. CLARK et al., Appellants.

No. 41011.

FEBRUARY 14, 1933.

Holt & Allbee, for appellee.

C. H. Van Law, for appellants.

ANDERSON, J.—The facts are not in dispute. The plaintiff and defendants entered into a written lease for certain farm lands in Marshall County covering the period from March 1, 1929, to March 1, 1930, and promissory notes were given for a part of the rent made payable at Marshalltown, Iowa. Defendants entered into possession and occupied the premises so leased during the term of the lease. All parties are residents of Marshall County, the plaintiff residing in the city of Marshalltown.

On February 5, 1930, plaintiff-appellee commenced this action at law in the municipal court of Marshalltown to recover the amount due upon one of the promissory notes mentioned and for an additional item of $40.00. The defendants appeared and tendered several defenses, all of which have been abandoned except those which are urged here and which we will notice and dispose of later. The case came on for trial on a regular assignment. The defendants and their counsel were present, but offered no evidence, and at the close of plaintiff's testimony defendants moved for a dismissal for want of sufficient evidence, which motion was overruled, and judgment was entered against the defendants for the amount claimed by plaintiff, from which judgment this appeal is prosecuted.

As indicated, several defenses were interposed by the defendants, but the only contentions urged here are:

That the municipal court of Marshalltown had no jurisdiction of the defendants for the reason that they were not residents of the territory embraced within the limits of the city of Marshalltown. In support of such contention appellants rely upon the case

of Gumbert v. Sheehan, 200 Iowa 1310. That case involved an action commenced in the municipal court of Council Bluffs against a defendant residing within the jurisdiction of the district court of Pottawattamie County in the Avoca or eastern division thereof, said county being divided for judicial purposes by the west line of Range 40, and the municipal court of Council Bluffs being established in the western division thereof. Both parties to that action were residents of the Avoca or eastern division of the county. The promissory note declared upon was not made payable in Council Bluffs. We held that the municipal court of Council Bluffs had no jurisdiction, and that the venue should have been changed to the eastern division of the district court on defendants' motion. No such fact questions exist in the case at bar, and the cited case furnishes no support for appellants' contention here.

The territorial jurisdiction of municipal courts is now defined explicitly by Section 10657, 1931 Code, that section having been amended by Chapter 219 of the Acts of the 42nd General Assembly, which amendment was adopted after the decision in the Gumbert v. Sheehan case, supra.

"Sec. 10657. The jurisdiction of the municipal court shall be coextensive with the territorial limits of the county. However, in counties having two jurisdictions of the district court, the jurisdiction of the municipal court is restricted to the territory of the district court where the municipal court is situated * * *."

The quoted section extends the jurisdiction of a municipal court beyond the limits of the city in which the court is established, and makes it coextensive with the county, except where two jurisdictions of the district court exist.

We had the question here under discussion before us in West v. Heyman, 214 Iowa 1173, and there held that the municipal court of Clinton had jurisdiction in an action on a note payable in Clinton, though defendant was a non-resident of the county in which the city of Clinton is situated.

Appellants' second contention is that, in the event the jurisdiction of the municipal court is sustained under the facts in this case, the statute creating such court contravenes Article I, Section 9, of the Constitution of Iowa, and is therefore void, for the reason that it compels a defendant residing outside the territorial limits of such court to submit to trial by a jury drawn from a list. of

voters prepared from the poll lists of the municipality in which the court is located, and not from the county at large, such jury consisting of a less number than twelve.

Article I, Section 9, of the Constitution provides:

"The right of trial by jury shall remain inviolate; but the General Assembly may authorize trial by a jury of a less number than twelve men in inferior courts; but no person shall be deprived of life, liberty, or property, without due process of law."

We said in State v. Walker, 192 Iowa 823:

"The common-law concept of a jury which the original Constitution makers had in mind need not be respected in its entirety in order that 'the right of trial by jury shall remain inviolate.' This concept is primarily one of historical significance * * *."

Our Constitution recognizes the principle that a trial jury may be authorized by statute consisting of a "less number than twelve" in inferior courts. Section 10678 of the Code, relative to juries in municipal courts, provides:

"Demand for trial by jury may be made as provided by rule of court, and if not so made, the cause shall be tried by the court. The jury shall consist of six jurors, unless, in class 'A' cases, a jury of twelve is demanded. The party demanding a jury of twelve must at the time deposit with the clerk the sum of $6.00."

The case at bar falls within the Class "A" cases. Section 10666, 1931 Code. It follows that appellants' complaint as to the number of jurors provided for trials in municipal courts is without merit; and in this connection it might be noted that no demand was made by appellants, as provided in Section 10678. The remaining contention of the appellants is that the jury lists should have been prepared from the county at large, and not restricted to the city in which the municipal court was situated, and by reason of such fact the appellants were deprived of some constitutional right, and the appellee given some imagined unfair advantage. We are cited to no rule or authority sustaining this contention and have been unable to find any. The appellants would have been confronted with the same dilemma had the case been commenced in a justice court within the county but far removed from the appellants' residence, or if

the action had been commenced in a municipal or district court in a county other than the defendants' residence.

The views we have here expressed result in the conclusion that the propositions relied upon by appellants for a reversal are without merit, and an affirmance necessarily follows.—Affirmed.

All Judges concur.