FLORA H. BLANCHARD *v.* JOHN W. BLANCHARD'S ESTATE, F. CHAFFEE'S SONS, CREDITOR.

February Term, 1938.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 3, 1938.

456

*Lindley S. Squires* and *Marion L. Ward* for the appellant.

*Jones & Jones* and *Philip B. Billings* for the appellee.

BUTTLES, J.   This is an appeal coming directly from the probate court for the district of Rutland.   John W. Blanchard died testate on October 9, 1930, leaving a widow, the appellant herein, who was the executrix of his will, and five adult children. The deceased died seized of unencumbered real property in the City of Rutland consisting of about one and one-half acres of land on North Main Street on which stood the dwelling house which had been occupied by the Blanchard family as a homestead for many years, a garage and a building which had been altered by the deceased from a barn into a public garage with a small tenement above; also a building lot on Lincoln Avenue. The deceased also held an' equity of redemption in seven houses on School Street which were mortgaged to F. Chaffee's Sons. This mortgage was subsequently foreclosed and an unsecured

deficiency judgment for about $40,000 is now outstanding against the estate.

On March 10, 1934, the appellant, as widow, waived the provisions made for her in the will and on July 3, 1936, she filed her petition in probate court asking that her homestead and one-third in value of the real estate be set out to her. The probate judge notified her on August 14, 1936, that it would be necessary for her to file an account before her petition could be granted. Such an account was presented by the executrix on January 20, 1937, after which three commissioners were appointed, their report to the effect that one-third of the real estate could not be set out to the widow without injury to the estate was duly filed, and on February 19, 1937, the court ordered the sale of the property. Such sale was duly had, and about June 22, 1937, the appellant executrix presented her final account. F. Chaffee's Sons, the principal creditor and appellee herein, objected to the allowance of two credit items contained in that account, viz., one-third of the net income of the real estate, and the sum of $2,495.44, being one-third of the net avails resulting from the sale of the property. Hearing was held and both of these items were disallowed by the court on the ground of the insolvency of the estate. Decree was entered July 28, 1937. The executrix saved her exceptions to the two questions indicated and under the statute brings her appeal directly to this court.

▮ The fundamental question in considering both of these exceptions is whether the provision for the widow now made by statute in Vermont in lieu of dower has preference over the unsecured creditors of the husband's estate. At common law dower was preferred over such creditors, *Share* v. *Trickle*, 183 Wis. 1, 197 N. W. 329, 34 A. L. R. 1016; *Amer. Blower Co.* v. *MacKenzie*, 197 N. C. 152, 147 S. E. 829, 64 A. L. R. 1047; *Combs* v. *Young*, 4 Yerg. (Tenn.) 218, 26 A. D. 225. See, also, "Husband and Wife as Statutory Heirs," 42 Harv. L. Rev. 330, at page 331. The appellee makes no claim that this was not so.

In *Thayer* v. *Thayer et al.*, 14 Vt. 107, 39 A. D. 211, it is said by way of dictum: "Her claims to dower are paramount to those of creditors, and it has long since become a legal maxim that 'dower is a favorite of the law.'" As we shall see, the provisions made by the statute for the widow in lieu of dower have

been enlarged quite materially since the Thayer case was decided in 1842.

Early in the history of this State statutory provision was made for the widow which differed somewhat from dower at common law. In 1797 it was enacted:

> "That the widow of any intestate, shall, in all cases, be entitled to dower, or the use of one-third of the real estate of which such intestate died seized and possessed, in his own right, provided she has not otherwise been endowed, by way of jointure, before marriage, for and during the term of her natural life; and may recover the seizin of the same, as the law directs. But the widow who shall be thus endowed, by way of jointure, may waive her jointure and demand her dower." St. 1808, Ch. VIII, sec. 32, p. 132.

Section 88 of the same compilation provides:

> "That if there be any widow to an insolvent estate, her dower in the houses, and lands, shall be set off according to law; unless the said widow, and the creditors representing two-thirds, in value, of the debts, shall mutually agree upon a portion of real estate to be assigned to her," etc.

By sec. 70, Ch. 3, of the Acts of 1821, the provision for dower rights was made to apply to the "widow of any deceased person," which was changed in the revision of 1840 to read "every deceased person," instead of the "widow of any intestate." Except for this no change material to our inquiry here was made in such provision until the enactment of No. 44 of the Acts of 1896. That act gave the widow one-third in value of the real estate of which her husband died seized in his own right, instead of the life estate in such one-third which she had previously received. By the passage of No. 46 of the Acts of 1929 the widow became entitled to receive both dower and homestead rights, instead of receiving only whichever was the larger of the two as theretofore.

■ ■ The appellee argues at considerable length that because the law has increased from time to time the provision made for a widow from the husband's estate, and because the legal rights of married women have been enlarged and their economic

and social status improved, therefore dower and statutory provisions in lieu thereof should no longer be treated as "favorites of the law" to the same extent as formerly, and dower and its modern substitutes are no longer entitled to the preference which they formerly had. This argument is proper for consideration of the legislative department of government but may not be considered by the courts unless the statutes now in force governing this matter are ambiguous. "When the meaning of a statute is plain, it is the duty of the courts to enforce it according to its obvious terms. In such a case there is no necessity for construction." *Stearns* v. *Graham,* 85 Vt. 486, 82 Atl. 835, 836, quoting *Thornley* v. *United States,* 113 U. S. 310, 28 L. ed. 999, 5 Sup. Ct. 491; *State* v. *Franklin County Sav. Bank,* 74 Vt. 246, 263, 52 Atl. 1069. If the provisions of our statutes relating to dower rights and the inferences necessarily to be drawn from them are so plain as to admit of only one conclusion with respect to the question here at issue, then there can be no room for statutory construction.

P. L. section 2951, so far as here material, provides that "A widow shall be entitled in fee to one-third in value of all the real estate of which her husband died seized, * * * unless she is barred as provided in this chapter." The only provisions in this chapter for barring her third interest are contained in P. L. sec. 2955, which provides, in effect, that the widow may be so barred by jointure, agreement, pecuniary provision or testamentary provision in lieu of statutory dower, or by the fact that the husband dies leaving no children or representatives of children, provided she does not elect to take her third interest in lieu of such other provision, contractual, testamentary or statutory. There is no provision here or elsewhere in our statutes for barring such third interest by reason of the fact that the estate is insolvent, or the necessity for using all or some portion of such dower interest to prevent insolvency.

P. L. sec. 2952 reads thus: "The widow shall be entitled to a third in value of the equity of redemption of lands mortgaged by her husband or which he held at the time of his decease under the mortgagor; and she may pay a third of the amount due on the mortgage and have a third in value of the land, as against the administrator, heirs and creditors of her deceased husband." It can hardly be supposed that it was the legislative intent to

give the widow, with respect to mortgaged property, a preference over unsecured creditors which she did not enjoy with respect to unencumbered property. We can conceive of no reason for such discrimination, and in practice it could easily be evaded by the husband in his lifetime merely by placing a small mortgage on his real property.

■ P. L. 2962 provides: "In the case of an insolvent estate the widow and such part of the creditors as have two-thirds in amount of the debts against the deceased, may agree upon a portion of the real estate to be assigned to her, or of personal estate to be assigned to her in lieu thereof; and such agreement, if approved by the probate court and the estate set out accordingly, shall be valid and binding." If the claims of creditors were superior to the widow's interest in lieu of dower she could have no such interest in an insolvent estate and the effect of this section would be merely to provide that the creditors might make a gift to the widow. We think the statute indicates that both the widow and the creditors have interests in the real estate of the deceased, and they are authorized to adjust their respective interests by agreement, subject to the approval of the probate court.

■■ The portion of section 2917 which is material to our inquiry here reads as follows: "The personal estate of a deceased person shall be first chargeable with the payment of debts and expenses; and if the personal estate in the hands of an executor or administrator is not sufficient for that purpose, the whole of the real estate of the deceased or so much thereof as is necessary, except the widow's statutory interests therein, may be sold for that purpose by the executor or administrator, after obtaining license therefor." This is the method provided by statute for payment of the unsecured debts of the deceased from his real estate, and it is idle to contend that the phrase "widow's statutory interests" as there used does not include the statutory provision in lieu of dower or that the enactment of any married women's legislation has worked any implied repeal or modification of this provision. It should be noted that for a half century or more, prior to 1896, the corresponding sections of the statutes then in force provided for sale of real estate, except the widow's dower, to pay debts when the personal estate should be insufficient for that purpose. By the law of 1896, as before stated,

the widow's dower right was enlarged from one-third for life to one-third in value, and at the next revision of the statutes thereafter, which was in 1906, the phraseology of the section which has since become P. L. 2917 was changed so as to read "except the widow's interest therein" instead of "except the widow's dower" and in the revision of 1933 this phrase was pluralized to read, as it does now, "except the widow's statutory interests therein." Meantime, as above noted, the act of 1929 had made the homestead right additional to the widow's interest in lieu of dower instead of being included therein as it had been theretofore. We think it clear that P. L. sec. 2917 excludes the widow's one-third interest in lieu of dower from the real estate which may be sold for the payment of debts of the decedent. A careful consideration of the various sections of the statutes to which we have referred compels the conclusion that the widow's interest in lieu of dower under our present law is preferred over the claims of unsecured creditors, and it was error to disallow, because of the insolvency of the estate, the item in the account by which the appellant took credit for one-third of the avails of the sale of the real estate as the widow's statutory interest therein.

The widow being entitled to one-third in value of the real estate of her husband, would also be entitled, under P. L. 2960, until such one-third had been set out to her, to occupy the real estate with the children and family of the deceased, or to receive one-third of the rents, issues or profits of such estate. *In re Hatch's Estate*, 62 Vt. 300, 309. Apparently the widow here occupied a portion and rented other portions. Such an arrangement might well be for the best interest of all parties interested in the estate, and we see nothing in this section of the statutes which would require her either to occupy the whole or rent the whole, or would prevent her having free occupancy of a part and also receiving one-third of the rents, issues and profits accruing from such parts as produced a revenue. This was the extent of the claim made by the executrix in her account, from the disallowance of which exception was taken. In her brief the appellant now undertakes to make the broader claim that she was occupying the whole property and is therefore entitled to all of the rents, issues and profits. But this claim not having been made below, nor, so far as appears, been brought to

the attention of the probate court, under the rule which we have many times reiterated we will not consider it here. *Hartford School District* v. *School District*, 69 Vt. 147, 37 Atl. 252; *In re Hall's Estate*, 70 Vt. 458, 41 Atl. 508; *Higgins, Admr.* v. *Metzger*, 101 Vt. 285, 143 Atl. 394; *Stevens* v. *Wright*, 107 Vt. 337, 179 Atl. 213; *Town of Georgia* v. *Town of Waterville*, 107 Vt. 347, 178 Atl. 893, 99 A. L. R. 453. The fact that this case comes here directly from probate court warrants no different application of the rule than would be made in a case coming from county court or from the court of chancery. The disallowance, because of the insolvency of the estate, of the item in the account of the executrix by which she took credit for one-third of the net receipts of the Main Street and Lincoln Avenue properties was error.

The inclusion in the account of the two items to the disallowance of which exception was taken will make necessary at least a modification of the charge against the executrix for interest, and may also require further consideration to be given to the charge made by the executrix for her services and perhaps to other items of the account.

*Decree reversed. To be certified to the probate court.*