**Murphy Motor Sales, Inc. v. First National Bank of St. Johnsbury**

[165 A.2d 341]

September Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 1, 1960

*John A. Swainbank* for the plaintiff.

*Arthur L. Graves* and *James B. Campbell* for the defendant.

**Shangraw, J.** This is a suit in equity seeking to restrain the defendant from moving a diner which it owns onto the premises of Sherman R. Warren, and his wife Thea R. Warren, at 69 Portland Street in the village of St. Johnsbury, Vermont. The bill of complaint alleges that the Warren property is located in a residential zone, and that the operation of the diner in such residential zone is contrary to the force, effect, intent and spirit of the zoning regulations of the village. One phase of this case was before this court at the January Term, 1960 on another issue, and the appeal was dismissed for jurisdictional reasons. 121 Vt. 403, 159 A.2d 94.

The defendant filed its answer and demurrer. A temporary restraining order was issued and upon hearing was dissolved June 23, 1959. On March 18, 1960 the chancellor made a decree sustaining the demurrer and dismissing the complaint. While several grounds were set forth in the demurrer, the principal issue presented is the question of whether the zoning regulations restrict the placing of a restaurant, diner or eating establishment in the area in question.

The plaintiff owns and operates a motel on the south side of Portland Street immediately west of the house lot of Sherman R. Warren and Thea R. Warren. The plaintiff's motel is not in a residential zone. Plaintiff makes no claim that the operation of the diner will be a nuisance *per se,* or that it will be operated contrary to the standards of the State Board of Health. Since the bringing of this bill of complaint the diner has been moved to the Warren premises.

The zoning ordinances under consideration were originally enacted by the village December 12, 1930, and subsequently amended and effective June 24, 1953. There are three residential zones and seven industrial zones set up by the regulations. All other sections of the village are trading zones. The Warren property is in an area designated as a residential zone.

Section 1 of the zoning regulations declares that the territory within the corporate limits "is divided into use districts or zones" and subsequent sections set forth the bounds of the residential and other zones. Section 13 is specific as to the prohibited uses, describing them, of property within a residential zone. It is a prohibitive form of a zoning regulation, and contains no prohibition or reference to a restaurant, diner, or quick-lunch room.

The plaintiff's contention is that section 13 excludes all business activity whatsoever from a residential zone, and that a diner or quick-lunch room is a non-residential or commercial enterprise.

Section 13 does not contain a general exclusion, or saving clause, such as stating at the outset that no business or manufacturing establishment, etc., or other appropriate words, shall be maintained or conducted within a residential area. The types of business prohibited are clear. The prohibited uses are set forth clearly, and there is no room for construction of this zoning regulation. Had the village intended to prohibit a diner in a residential zone it could have said so. There are many business activities that are not mentioned in section 13, some of which are equally as objectionable as those prohibited.

Quoting from 58 Am. Jur. Zoning, §73, page 988, "The rule has been laid down that where a zoning ordinance provides merely that certain specified trades, businesses, or uses shall not be permitted in a specified zone any business other than those expressly excluded may be conducted therein, provided it is so carried on as not to be in and of itself a nuisance." Citing *Kirk* v. *Mabis,* 215 Iowa 769, 246 N.W. 759, 87 A.L.R. 1055. A court may not legislate in the guise of construction, and may not insert in a zoning regulation a provision not included by the legislative body. *Glass* v. *Zoning Board of Appeals, City of Yonkers,* 173 N.Y.S.2d 448, 450.

Zoning laws which curtail and limit uses of real property must be given a strict construction, since they are in derogation of

common law rights, and provisions thereof may not be extended by implication. *In re Willey,* 120 Vt. 359, 365, 140 A.2d 11; *440 E. 102d St. Corp.* v. *Murdock,* 285 N. Y. 298, 34 N.E.2d 329; *Toulouse* v. *Board of Zoning Adjustment,* 147 Me. 387, 87 A.2d 670, 673; 8 McQuillin, Municipal Corporations (3rd Ed.) 25, 72, p. 162. Any ambiguity or uncertainty must be decided in favor of the property owner. *Kubby* v. *Hammond,* 68 Ariz. 17, 22, 198 P.2d 134; *City of Little Rock* v. *Williams,* 206 Ark. 861, 177 S.W.2d 924.

We have here a zoning regulation having the force and effect of a legislative enactment. *Village of St. Johnsbury* v. *Aron,* 103 Vt. 22, 151 A. 650. In construing such a regulation, the general rule applicable to the construction of statutes applies. 101 C. J. S. Zoning, §128, p. 881. Where the meaning of a statute is plain, courts have the duty to enforce the statute according to its obvious terms, and there is no necessity for construction. *Blanchard* v. *Blanchard's Estate,* 109 Vt. 454, 199 A. 233. Furthermore, great care should be exercised by the court not to expand proper construction of a statute into judicial legislation. *State* v. *Reynolds,* 109 Vt. 308, 310, 1 A.2d 730.

The bill of complaint alleges that the Warrens intend to operate the diner when moved. Therefore, going to the heart of the controversy, we have considered the case in this light, rather than merely passing upon the limited question as to whether the mere moving of the diner by the defendant was prohibited by the zoning regulations. In view of the governing principles stated in this opinion, and applicable here, we hold that the operation of the diner in question on the Warren premises located in a residential zone is not prohibited by section 13 of the zoning regulations of the village of St. Johnsbury. With this view of the case it is not necessary to pass upon the indispensability of Mr. and Mrs. Warren as parties in this proceeding.

*The decretal order sustaining the demurrer and dismissing the bill of complaint is affirmed.*