## Michael Mier's Admr. v. Donat J. Boyer

[196 A.2d 501]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Monti, Eldredge, Calhoun & Free* for the plaintiff.

*Witters, Longmoore, Akley & Brown* for the defendants.

**Hulburd, C. J.** Having been appointed administrator of the Estate of Michael Mier on May 16, 1961, the plaintiff is seeking to recover for the wrongful death of his intestate which occurred on December 13, 1958. His action is based on our version of Lord Campbell's Act to be found in 14 V.S.A. §§1491-1492 and was commenced June 8, 1961; hence it was more than two years later than the decease of the plaintiff's intestate.

The defendant's answer set forth that the plaintiff's right of action, if any, for the wrongful death of the deceased was barred by

the running of the two-year statute of limitations provided for in 14 V.S.A. §1492(a) and moved the trial court to dismiss the action. This motion was granted and the plaintiff comes here on appeal from the lower court's ruling.

Our wrongful death act contains, as a part of its content, a specific provision as to limitation of actions. This has been so from the time of its original enactment by No. 8 of the Acts of 1849. Section 3 of that act stated: "Provided, that every such action shall be commenced within two years from the decease of such person." The corresponding section of our present law is to be found in 14 V.S.A. §1492(a) and reads: "Such action shall be brought in the name of the personal representative of such deceased person and commenced within two years from his decease."

The plaintiff seeks to escape from the effect of the language of the pertinent part of the section just quoted by having resort as he says to 14 V.S.A. §§1451-1452 and 12 V.S.A. §557. He argues that since the legislature has by the enactment of 12 V.S.A. §557 provided that the statute of limitations in other connections shall not start to run until the appointment of an administrator, it is this last named section which controls the time within which actions for wrongful death shall be commenced. In brief, the plaintiff argues that the requirement is that the action shall be started within two years from the date of the appointment of the administrator and not two years from the death of his intestate.

In making this argument, the plaintiff acknowledges that the limitation statute found in the wrongful death act itself is in direct opposition to his contention. Thus, at the very outset, he comes up against a long established proposition that where the meaning of a statute is plain, the courts must enforce it according to its terms. *Stearns* v. *Graham*, 85 Vt. 486, 488, 82 Atl. 835. *Murphy Motor Sales* v. *First National Bank*, 122 Vt. 121, 124, 165 A.2d 341, 82 A.L.R.2d 985. Moreover, the fact that the legislature has tied other, more general, statutes of limitations to the date of the appointment of the administrator or personal representative, is of no avail to the plaintiff, since the legislature in so doing has provided in 12 V.S.A. §464: "The provisions of this chapter shall not affect an action otherwise specially limited by law." As we have seen, the wrongful death statute contains the special limitation which we quoted earlier.

14

■ Even without the benefit of the last quoted statute, we would not be disposed to accept the plaintiff's argument that 12 V.S.A. §557 is "controlling." This section is concerned, as its title shows, with the "death of a *party*;" in other words it presupposes an existing action. Where an individual has acquired a right of action so that it is in existence that is one thing; but where the right of action comes into existence only by reason of the death of a person, as under the wrongful death act, we are confronted with something entirely different. The wrongful death act is a special act. Under it, the cause of action arises at the death of the person involved. The plaintiff's attempt to reach his objective by availing himself of the law bearing on the survival of actions is not in point.

In the case of *Law's Admr.* v. *Culver*, 121 Vt. 285, 155 A.2d 855, this Court addressed itself to the question of the effect of absence from the state by the defendant on the running of the statute of limitations. The question we have before us here was not for consideration at that time and nothing determined there reaches the point in this case.

*The action of the trial court in dismissing the plaintiff's action was proper under the statute.*