*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-245

JANUARY TERM, 2012

| | |
|---|---|
| In re Richard's Site Plan Amendment Application | } APPEALED FROM: |
| | } |
| | } |
| | } Superior Court, |
| | } Environmental Division |
| | } |
| | } DOCKET NO. 87-5-10 Vtec |

Trial Judge: Merideth Wright

In the above-entitled cause, the Clerk will enter:

Applicant appeals from a decision of the Superior Court, Environmental Division, denying in part his amended application for site-plan approval of certain improvements—including a boat ramp, stairs, retaining wall, and parking area—for his lakefront property in the Town of Colchester. Applicant contends the court misconstrued the Town's zoning regulations in requiring site review and misapplied the review criteria. We affirm.

In 2008, the Town's development review board granted site-plan approval for the construction of what applicant described as a "retaining wall[,] stairs [and] lake ramp to stabilize embankment and road" for his property on Lake Champlain. The plan provided for the construction of a concrete retaining wall or seawall on the lake side of the property to support a steep embankment; concrete stairs extending through the seawall to replace existing wooden stairs; and a concrete boat ramp sloping from a level, paved area at the top of the embankment down through the wall to the beach.

The project was constructed, but two elements differed from the plan as approved. The concrete stairs were built about fourteen feet farther to the north than provided in the plan, and a four-foot-wide concrete platform or landing was built part way up the slope running between the concrete and wooden stairs, together with a new, three-foot-high, concrete, mid-slope retaining wall about fifteen feet in length, to prevent the hillside from collapsing onto the new concrete landing. The boat ramp and level area at the top of the ramp also differed from the original plan. The level area was wider, increasing the usable parking area from 360 to 600 square feet, and the boat ramp extended an additional ten feet toward the lake beyond the seawall.

In January 2010, applicant submitted an application to the Town to amend the 2008 approved site plan to conform to the changes. The application proceeded under the zoning ordinance in effect in 2010 when the application was submitted, and there had been significant changes from the ordinance in effect when the 2008 permit was granted. The zoning administrator granted the application, but an adjoining property owner appealed the administrator's decision to the development review board, which overruled the decision and denied the application. Applicant then appealed to the Environmental Division. The court held an evidentiary hearing in November 2011 and subsequently issued a written ruling. The court

concluded that the amended application was subject to review under the current zoning regulations; that the boat ramp and stairs were an integral part of the seawall project and functioned as retaining walls, and therefore were subject to the zoning provision requiring a showing of need for the project; and that applicant had failed to make the requisite showing for the changes. The court also found that the extended boat ramp would increase runoff into the lake and adversely affect water quality. Accordingly, the court denied the amended application.[1] This appeal followed.[2]

Applicant contends the trial court erred in concluding that the boat ramp was subject to site plan review under the Town's overlay zoning ordinance. Our review is limited. "In reviewing the environmental court's interpretation of a local zoning ordinance, we apply a deferential standard." In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 7 (mem.). Thus, "we will uphold the Environmental Court's construction of an ordinance 'unless it is clearly erroneous, arbitrary or capricious.' " In re Champlain College Maple Street Dormitory, 2009 VT 55, ¶ 13, 186 Vt. 313 (quoting In re Stowe Club Highlands, 164 Vt. 272, 280 (1995)). Findings by the trial court will not be set aside "unless they are clearly erroneous, and we will uphold the court's conclusions as long as they are reasonably supported by the findings." In re Miller Subdivision Final Plan, 2008 VT 74, ¶13, 184 Vt. 188. We must view the findings in the light most favorable to the judgment, disregarding modifying evidence, and will uphold them if they are supported by any credible evidence. Id.

Assessed in light of these standards, we discern no basis to disturb the judgment. The trial court applied the current ordinance, which sets forth certain standards for "the construction of seawalls and similar structures permitted under Section 7.03C(8)," including a requirement that the applicant "prove the required need of said seawall or similar structure." The ordinance defines need to include a "threat to personal property, excessive erosion, or imminent threat to water quality" and to exclude the "[e]xpansion of personal property." Colchester Zoning Regulations, Supplement 21, § 7.03F(4). Section 7.03C(8) refers to "[s]eawalls, retaining walls and similar structures detached from and not an integral part of a building."

The provision had been amended from an earlier version, which had referred to the "construction of seawalls and similar structures permitted under Section 7.03C(7)," and that latter provision referred specifically to "recreational uses" including "boat launching ramps." The Town's director of planning and zoning testified, however, that "[t]he boat ramp is an interrelated part of the seawall," and the court found that the ramp was therefore subject to the current requirements of § 7.03F(4) because it was functionally integral to the seawall and its own

_____

[1] The 2008 permit required applicant to build in conformance with the "approved plans" unless he obtained approval to deviate. It is undisputed that applicant violated this provision and never sought approval. The Environmental Division analyzed the case such that there was no effect on the ability of applicant to obtain new site plan approval despite the fact that the project was already built in violation of the earlier site plan requirements. Apparently, the Environmental Division viewed the noncompliance as an enforcement issue that was not relevant to a new site plan application under the new ordinance provisions. Because neither party has contested this treatment of the noncompliance, we follow the Environmental Division's approach.

[2] The court approved a slight modification to the original plan that resulted in shifting the overall location of the boat ramp to avoid potential damage to a neighbor's septic system. The court also observed, with respect to the judgment, that issues of enforcement were not before the court and that the ruling therefore did not "require or preclude any particular remedial action" by applicant.

side retaining walls, and "function[ed] as a retaining wall itself with respect to the hillside behind it." Applying the ordinance, the court found that neither the expanded area at the top of the ramp nor the extended length at the bottom satisfied the "need" requirement of the ordinance.

Applicant contends the court fundamentally misconstrued the ordinance, citing the general rule that ambiguity should be construed in favor of property rights, Murphy Motor Sales, Inc. v. First Nat'l Bank of St. Johnsbury, 122 Vt. 121, 123-24 (1960), and noting the absence of "boat ramps" from the list of structures subject to the "need" requirement under the current ordinance. We discern nothing arbitrary or irrational, however, in the trial court's conclusion that the ordinance provision, which expressly refers to seawalls "and other similar structures," may apply to structures such as boat ramps or stairs to the extent that they are integral to a seawall or retaining wall. Applicant maintains that the court's interpretation could unreasonably expand the meaning of seawall to include every lakefront boat ramp or stairway, which are permitted recreational uses in the Town's shoreland zoning district, but applicant cites no evidence to support the claim or show that this would, in fact, be the result.[3]

Applicant also contends that the evidence failed to show that the top and bottom sections of the ramp were integral to the seawall or effectively functioned as a retaining wall. As noted, however, a Town zoning official testified that—as to this project—the ramp, stairs, platform, and seawalls were all functionally interrelated. Furthermore, the zoning official testified, and the trial court found, that the ten-foot expansion to the boat ramp failed the additional site-review requirement that any shore-based facility not "adversely affect water quality." Although applicant contends that this testimony was struck, the record shows that the zoning director testified without objection that the extended ramp did "adversely affect water quality, because it extends the ramp closer to the lake discharging the water closer to the lake" and because the extension "increased [the] impervious area." Nor did the court err in finding that applicant had failed to demonstrate a sufficient "need" under the ordinance for altering the ramp. Although applicant claimed that it was necessary to elevate the grade of the ramp and thereby increase its length to accommodate a neighbor's septic system, applicant's engineer testified that he considered the septic system in designing the original approved project, and the court specifically found that it could have been constructed as originally planned and approved. Applicant has not shown that the court's finding was clearly erroneous. Accordingly, we find no basis to disturb the ruling.[4]

Applicant additionally claims that application of the need requirement to the boat ramp without a showing that it serves a compelling state interest violates the constitutional right to travel. The trial court correctly rejected the argument, noting that applicant had received approval for the boat ramp and could have constructed it as approved in order to freely access the Lake; that applicant could not assert an abstract right to travel on behalf of others, Nordlinger v.

---

[3] Although applicant asserts that the trial court erred in excluding several photographs of boat ramps located at other camps, they were not offered specifically to show their properties as retaining walls, and the trial court properly excluded them as irrelevant to whether applicant's boat ramp complied with the approved plans and the ordinance. See Int'l Bhd. of Elec. Workers v. Enosburg Falls Water & Light Dep't, 148 Vt. 26, 35 (1987) (holding that proponent of evidence excluded at trial may not assert ground for admission on appeal that was not raised below).

[4] Applicant also asserts that requiring a showing of need for the top level portion of the ramp as part of an integrated seawall structure conflicts with the zoning provision allowing parking as a permitted accessory use, but this claim was not raised below and therefore it is not cognizable on appeal. See Long v. L'Esperance, 166 Vt. 566, 570 n.4 (1997).

<u>Hahn</u>, 505 U.S. 1, 10-11 (1992); and that, in any event, applicant had made no showing that the regulation was designed to impede or deter travel on the Lake or to penalize the exercise of that right, <u>Att'y Gen. of N.Y. v. Soto-Lopez</u>, 476 U.S. 898, 903 (1986). Accordingly, we find no merit to the claim.

Finally, applicant contends that the new concrete platform and mid-slope retaining wall satisfied the need requirement of the ordinance because they were necessary to prevent erosion of the embankment. The trial court correctly rejected the assertion, finding that they were constructed only to accommodate the new location of the concrete stairs and that "[i]f the stairway had been built as approved" they would not have been required at all. Applicant asserts that no additional review was required to relocate the stairs, or by implication the landing and retaining wall, because the development review board's original site-plan approval provided that "[s]tairs require only a building permit and can be done without Board approval" so long as they comply with other zoning requirements. This provision does not by its terms authorize relocating the stairs without approval, and the argument is contradicted in any event by the board's specific requirement that the project be "constructed . . . in accordance with the submitted plan documents" and express restriction against any "change in the proposed use or approved plans without prior approval of the Town." Accordingly, we find no error, and no basis to disturb the judgment.

<u>Affirmed</u>.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice