**Bernard Parent, Admr. of the Estate of Michael John Parent**

v.

**Carroll E. Beeman, Admr. of the Estate of Gary J. Beeman**

[420 A.2d 866]

No. 139-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

September 8, 1980

*John H. Bloomer* of *Bloomer and Bloomer,* Rutland, for Plaintiff.

*Robinson E. Keyes* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendant.

**Larrow, J.** Plaintiff's decedent, Michael Parent, and defendant's decedent, Carroll Beeman, were killed in a common accident on August 21, 1971. Both died intestate. Plaintiff was appointed administrator of Michael Parent on September 13, 1973; defendant was appointed administrator of Carroll Bee-

man on November 7, 1975. Applications for these appointments were filed by plaintiff's attorney, in each instance, on September 11, 1973.

The present action was commenced by complaint served November 18, 1975, and duly entered. By motion to dismiss, denied by the trial court, defendant raised 14 V.S.A. § 1492(a) as requiring the action to be commenced within two years of the death of plaintiff's decedent, if for wrongful death, and within two years of the appointment of plaintiff, if for bodily injuries prior to death, under 12 V.S.A. § 557(a). The defendant subsequently pleaded § 1492(a) as an affirmative defense. This issue was severed, jury trial waived as to it, and a hearing held on the defense. By subsequent order, without findings or cited authority, the trial court ruled that the action was not barred by limitations because "plaintiff exercised due diligence in seeking the appointment of an administrator for defendant [*sic*] decedent." This interlocutory appeal followed, with four questions certified by the trial court. Although there appears to have been confusion below with respect to whether this appeal is under V.R.A.P. 5(a) or 5(b), the procedural requirements for each seem to have been satisfied, and the parties stipulated to the allowance of the appeal. We accordingly consider the questions certified.

Simplified somewhat, these questions raise the following issues: (1) whether the action as brought is one for wrongful death under 14 V.S.A. §§ 1491–1492; (2) whether 12 V.S.A. § 557(a) applies to the action; (3) whether 12 V.S.A. § 557(a) stays the two year limitation (after death of plaintiff's decedent) contained in 14 V.S.A. §§ 1491–1492; and (4) whether this action may be maintained, having been commenced more than two years after the death of plaintiff's decedent, and more than two years after plaintiff's appointment as administrator, but less than a month after defendant's appointment as administrator.

■ Question (1) must be answered in the affirmative. Paragraph 4 of plaintiff's one page complaint reads:

> 4. As a result, Michael John Parent was thrown about in said automobile, suffered numerous injuries, and as a result of said injuries, died on August 21, 1971. Michael John Parent was living with his parents and rendering

service to them, and is survived by his said parents, and this action is brought for their benefit, all in accordance with the Statute in such case made and provided.

However inartistic these allegations, they are clearly a pleading of a cause of action for wrongful death under 14 V.S.A. §§ 1491–1492. It seeks damages for the next of kin, as § 1492 provides, a recovery with distribution not governed by the ordinary rules of descent and distribution, as the proceeds of an action for injuries prior to death would be. *Bassett* v. *Tax Department*, 135 Vt. 257, 259, 376 A.2d 731, 733 (1977). Indeed, it is not apparent why this question was certified, as plaintiff in his brief makes no contention that the action is anything other than one for wrongful death.

Since this is a wrongful death action and not one for injuries sustained prior to death, it follows that 12 V.S.A. § 557(a) does not apply to the case at bar, and that certified questions (2) and (3) must be answered in the negative. Two cogent reasons justify this result. The first appears from a reading of the statute, and the second from a reading of 12 V.S.A. § 464. Section 557(a) reads as follows:

§ 557. Death of a party

(a) If a person, by or against whom an action may be brought, dies before the expiration of the time within which such action may be commenced *as provided by this chapter* or dies within thirty days of the expiration of such times, the period of limitation as to such action shall cease to operate at the date of his death. After the issuance of letters testamentary or of administration, such action, *if the cause of action survives,* may be commenced by or against the executor or administrator within two years, and not after.

(Emphasis added.)

We have indeed said by way of dicta that the right of recovery for wrongful death is a "cause of action" which survives the decedent, even though the measure of recovery differs from that in a surviving action for bodily hurt based on the same occurrence. Cf. discussion in *Whitchurch* v. *Perry*, 137 Vt. 464, 469 n.3, 408 A.2d 627, 630 n.3 (1979). See also,

clearly contra, *Mier's Admr.* v. *Boyer*, 124 Vt. 12, 14, 196 A.2d 501, 502–03 (1963). But any argument that § 557(a) is thereby rendered applicable to the instant case fails to consider that the limitation on such recovery is not one "provided by this chapter." "This chapter" is Chapter 23 of Title 12, and the chapter contains a number of sections dealing with time limitations for the commencement of actions. But none of them deal with recovery for wrongful death, governed by Title 14, rather than Title 12.

The second compelling reason for holding § 557 inapplicable here is found in 12 V.S.A. § 464, contained in the same chapter (Chapter 23) with 12 V.S.A. § 557(a). That section reads:

§ 464. Actions specially limited by other provisions

The provisions of this chapter shall not affect an action otherwise specially limited by law.

Quite clearly, this provision limits the application of § 557(a). No reference appears in Chapter 23, as we have pointed out, to recovery for wrongful death. Such recovery, spelled out in a different title altogether, is indeed "otherwise specially limited," because the time allotted for suit is set up by the same statute which outlines the requisites for maintaining the action. *Mier's Admr.* v. *Boyer, supra.* Certified questions (2) and (3) must be answered in the negative.

With the action identified as one for wrongful death under 14 V.S.A. §§ 1491–1492, and 12 V.S.A. § 557(a) inapplicable, plaintiff's only basis for maintaining this action in the face of a claim that it is barred by the running of the applicable statute, raised by certified question (4), must be found in the provisions of § 1492(a) itself. Section 1492(a) reads as follows:

§ 1492. Action for death from wrongful act; procedure; damages

(a) Such action shall be brought in the name of the personal representative of such deceased person and commenced within two years from his decease, but if the person against whom such action accrues is out of the state, the action may be commenced within two years after such person comes into the state. After such cause of action accrues and before such two years have run, if

the person against whom it accrues is absent from and resides out of the state and has no known property within the state which can by common process of law be attached, the time of his absence shall not be taken as part of the time limited for the commencement of the action.

In this connection, we are at a loss to understand, and plaintiff does not brief, the significance of the trial court's conclusory finding of "due diligence" on his part in seeking the appointment of an administrator for the defendant's decedent. The record does not demonstrate such diligence, showing only that plaintiff's attorney delayed seeking such appointment because of a misapprehension as to the applicability of 12 V.S.A. § 557. But even if it did, such a finding would have significance only were there some claim of estoppel. There is no such claim made here; if there were, some showing of promise or misrepresentation or concealment of a fraudulent character would be required. *Caledonia Sand & Gravel Co.* v. *Campbell,* 128 Vt. 182, 185, 260 A.2d 221, 223 (1969). None is present, plaintiff's attorney having testified that he never even discussed the statute of limitations question with defendant's insurance adjuster.

■ Absent any claim or proof of estoppel, plaintiff makes the ingenious argument that because defendant's decedent was dead at all times material, he was "out of state" within the meaning of 14 V.S.A. § 1492(a), above quoted. This would, of course, violate the canons of "plain meaning" construction, besides leading to the conclusion that the time limitation would *never* run unless and until administration of defendant decedent's estate. Quoting language from *Reed* v. *Rosenfield,* 115 Vt. 76, 79, 51 A.2d 189, 191 (1947), to the effect that the purpose of the tolling provisions is to preserve a plaintiff's right of action during the time it is impossible to serve a defendant personally or attach his property in the state, plaintiff argues that a similar interpretation here would sustain the bringing of his action. Apart from the fairly clear conclusion that had the legislature meant the period of limitations to run from date of appointment rather than date of death, it could have easily said so, the fact remains that not even in a technical sense was defendant's decedent "absent" during the material times. Service was indeed possible; all that needed to be

done was to proceed under 14 V.S.A. § 903, absent administration within thirty days of death, and petition for and secure such administration, as a creditor. The "absence" of a party to sue, if there could be said to be one, is chargeable here only to the inactivity of the parties asserting a claim to recovery. Such "absence" is totally unlike that of a living person, absent from the state of his own volition. The purpose of tolling the statute of limitations has no application here, and § 1492(a), by its terms, bars the instant action. Question (4) is answered in the negative.

The answers to the foregoing certified questions make it apparent that plaintiff's action is barred as not brought within two years of the death of defendant's decedent. An appropriate judgment below should have been rendered.

*Certified question (1) is answered in the affirmative; certified questions (2), (3) and (4) in the negative. The order of July 12, 1978, is vacated, and the cause remanded for entry of a judgment dismissing the action with prejudice.*