2006 VT 54

**Marijah Pike and Raymond Pike, Guardian v. Chuck's Willoughby Pub, Inc., Charles Nebelski, William Watson and Deborah Watson**

[904 A.2d 1133]

No. 05-184

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed June 9, 2006

*Gregory P. Howe* and *Jennifer A. Wood* (On the Brief), Newport, for Plaintiffs-Appellees.

*Steven J. Watson* of *Downs Rachlin Martin PLLC*, St. Johnsbury, for Defendant-Appellant.

¶ 1. **Dooley, J.** Plaintiffs, Marijah Pike and Raymond Pike,[1] brought this action against defendant, Chuck's Willoughby Pub, Inc.,[2] alleging that defendant overserved a patron who then drove while intoxicated and struck the vehicle in which Marijah was a passenger, injuring her. Plaintiffs asserted a number of claims, including one seeking damages under the Dram Shop Act [hereinafter DSA]. See 7 V.S.A. § 501(a) (defining cause of action when provider of alcoholic beverages continues to serve someone who is visibly intoxicated). Defendant moved to dismiss the claim, arguing that it was filed beyond the DSA's two-year limitations period. The trial court denied the motion but granted defendant's request to file this interlocutory appeal, which presents two issues: (1) whether the minority tolling provision of 12 V.S.A. § 551(a) applies to an action under the DSA, and (2) whether the discovery rule articulated in *Lillicrap v. Martin*, 156 Vt. 165, 176, 591 A.2d 41, 47 (1989) (holding that cause of action does not accrue until plaintiff discovers injury and its cause), applies to an action under the DSA. We

---

[1] Raymond Pike is the father and guardian of Marijah Pike.

[2] Plaintiffs also joined Charles Nebelski, president and owner of Chuck's Willoughby Pub, Inc., and William and Deborah Watson, owners of the building containing the Pub.

conclude that the minority tolling provision does not apply, but the discovery rule does apply. We do not decide whether application of the discovery rule in this case brings plaintiffs' action within the limitations period, as this is a factual issue that must be developed in the trial court in the first instance. We affirm in part and reverse in part.

¶ 2. Plaintiffs allege the following facts in their complaint, and we take them as true for purposes of reviewing the trial court's decision on the motion to dismiss. *Amiot v. Ames*, 166 Vt. 288, 291, 693 A.2d 675, 677 (1997). On the evening of December 4, 2002, Andrea Poutre and Amy Wiley were at defendant Pub where they were served several alcoholic beverages. Both women were visibly intoxicated. They left the bar in an intoxicated state, with Andrea Poutre driving. Andrea Poutre crashed into a car in which Marijah Pike was a passenger, severely injuring her. Marijah — born June 4, 1987 — was fourteen years old at the time of the accident. Plaintiffs filed their complaint on December 17, 2004, over two years after the date of the accident.

¶ 3. Defendant filed a motion to dismiss, arguing that plaintiffs' complaint was filed outside the two-year limitations period provided by the DSA. See 7 V.S.A. § 501(d) ("An action to recover for damages under this section shall be commenced within two years after the cause of action accrues, and not after."). In response, plaintiffs argued that 12 V.S.A. § 551(a), a provision that delays the commencement of the limitation period for minors until the age of majority is reached, applied to their DSA claim such that the limitations period did not even begin to run until Marijah turned eighteen on June 4, 2005.[3]

¶ 4. In a brief ruling, the trial court denied defendant's motion, concluding that the provisions of Title 12, chapter 23 — including the minority tolling provision — applied to all civil actions including an action under the DSA. Defendant requested permission to take an interlocutory appeal on the issue. In briefing the question of whether an interlocutory appeal should be permitted, plaintiffs offered the additional argument that the discovery rule applied to their DSA claim, such that the limitations period did not begin to run until Marijah had

---

[3] Plaintiffs also argued that the three-year limitations period for personal injury applied to their negligence claims. The trial court did not rule on this issue, and it is not before us for review. Similarly, while defendant argues that we should address the issue of whether plaintiffs' negligence claim is precluded by the DSA claim as a matter of law, this issue was not addressed by the trial court and is not before us in this interlocutory appeal.

information sufficient to put a reasonable person on notice that a particular defendant may have been liable for her injuries.[4] See *Earle v. State*, 170 Vt. 183, 193, 743 A.2d 1101, 1108 (1999) ("The date of accrual under the statute of limitations seeks to identify the point at which a plaintiff should have discovered the basic elements of a cause of action: an injury caused by the negligence or breach of duty of a particular defendant."). Determining that application of minority tolling and the discovery rule to the DSA were both unsettled questions of law, the trial court permitted the interlocutory appeal on these issues. See V.R.A.P. 5(b)(1) (permitting appeal before final judgment where "order or ruling involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the termination of the litigation"). In doing so, the court ruled pro forma that the discovery rule applied so that defendant was appellant on both issues.

¶ 5. On appeal, defendant argues that the minority tolling provision does not apply to all civil actions, but only to those where the applicable limitations period is codified in chapter 23 of Title 12. Because the DSA and its limitations provision are codified in Title 7, defendant argues that minority tolling is not available to plaintiffs. Defendant further argues that the Legislature did not intend for the discovery rule to apply to actions under the DSA. Both issues presented in the appeal are questions of law which we review de novo. *Main St. Landing, LLC v. Lake St. Ass'n*, 2006 VT 13, ¶ 7, 179 Vt. 583, 892 A.2d 931 (mem.).

¶ 6. We start with the question of whether the minority tolling provision, codified at 12 V.S.A. § 551(a),[5] applies to plaintiffs' DSA claim. When interpreting statutory provisions, we begin with the plain language of the statute, and, if possible, resolve any questions on this basis alone. *Dep't of Taxes v. Murphy*, 2005 VT 84, ¶ 5, 178 Vt. 269, 883 A.2d 779.

¶ 7. Chapter 23 of Title 12 of the Vermont statutes sets forth a number of provisions concerned with "Limitation of Time for Commencement of Actions." Among these is § 511, which provides that a six-year limitations period is generally applicable to "civil action[s]." Other

---

[4] Specifically, plaintiffs argued that, under the discovery rule, Marijah's claim did not accrue until April 3, 2003, when Vermont State Police made public their determination that Andrea Poutre was the driver of the vehicle that hit Marijah.

[5] While currently embodied in statute, we note that the concept of minority tolling is "of longstanding vintage under the common law." *Fila v. Spruce Mountain Inn*, 2005 VT 77, ¶ 10, 178 Vt. 323, 885 A.2d 723.

sections in the chapter create exceptions to the six-year rule, setting forth limitations periods specific to certain types of actions, for example, actions for injuries sustained while skiing, § 513, or actions based on child sexual abuse, § 522. Chapter 23 also contains a number of tolling provisions, including provisions delaying the running of a limitations period when a plaintiff has spent time out of state, § 552, or in military service, § 553. Among these is the minority tolling provision at issue in this case, § 551(a), which states: "When a person entitled to bring an action specified in this chapter is a minor . . . at the time the cause of action accrues, such person may bring such action within the times in this chapter respectively limited, after the disability is removed." Accordingly, in cases where the minority tolling provision applies, the limitations period does not begin to run until the "disability" of minority is removed, that is, when the plaintiff reaches eighteen years of age. See 1 V.S.A. § 173 (designating eighteen as the age of majority); *Sabia v. State*, 164 Vt. 293, 308-09, 669 A.2d 1187, 1197 (1995) (concluding that minor's claim for childhood sexual abuse accrued on minor's eighteenth birthday). If minority tolling applies in this case, the two-year limitations period would have started to run on June 4, 2005, and plaintiffs' filing on December 17, 2004 would have been timely.

¶ 8. Examining the plain language of § 551(a), the phrase "within the times in this chapter respectively limited" can reasonably be read as restricting the statute's applicability to causes of action with limitations periods set forth in chapter 23, a view reinforced by the statute's applicability to "an action specified in this chapter." Plaintiffs, however, point to the fact that § 511 applies broadly to all civil actions, creating a presumptive six-year limitations period from which deviation is nonetheless permitted. See 12 V.S.A. § 511 (setting forth general six-year limitations period "except as otherwise provided"). Under this logic, the fact that a cause of action has a different limitations period — either in chapter 23 or elsewhere — does not alter the fact that it is a "civil action" that would otherwise be governed by the default limitations period of § 511. Thus, argue plaintiffs, even though the DSA "otherwise provide[s]" a limitations period, as a civil action it is brought within the scope of chapter 23 by § 511.

¶ 9. To the extent plaintiffs' argument creates any ambiguity in interpreting the plain language of § 551(a), that ambiguity is eliminated by 12 V.S.A. § 464, which is also located in chapter 23. It states: "The provisions of this chapter shall not affect an action otherwise specially limited by law." The limitations period for the DSA, codified in Title 7,

30

is "otherwise specially limited" and therefore unaffected by § 551(a) or any tolling provision contained in chapter 23. We have previously endorsed precisely this view of the effect of § 464. In *Parent v. Beeman*, 138 Vt. 607, 420 A.2d 866 (1980), both the driver and occupant of an automobile were killed in an accident. The occupant's estate sued the driver's estate for wrongful death under 14 V.S.A. §§ 1491-1492. The wrongful death statute provided a two-year limitations period for bringing suit, and the defendant moved to dismiss because the plaintiff had filed outside that time. We considered whether § 557(a), another of the tolling provisions codified in chapter 23, applied. See 12 V.S.A. § 557(a) (tolling limitations period for time between decedent's death and the appointment of administrator of decedent's estate).

¶ 10. In concluding that § 557(a) was not available to the plaintiff, we relied on both the language of the tolling provision itself — stating that it applied to limitations periods "as provided by this chapter" — and the operation of § 464. *Parent*, 138 Vt. at 610, 420 A.2d at 868. Because the wrongful death statute was contained in Title 14, we held that the action was "otherwise specially limited" under § 464 and the tolling provision codified in chapter 23 was inapplicable. *Id.*; see also *Mier's Adm'r v. Boyer*, 124 Vt. 12, 13, 196 A.2d 501, 502 (1963) (concluding that tolling provision of § 557(a) does not apply to action under wrongful death statute because wrongful death action is "otherwise specially limited" under § 464).

■ 11. The reasoning in *Parent* dictates the same result in the instant case.[6] Because the DSA contains its own limitations provision and is not codified in chapter 23, an action under the statute is "otherwise specially limited" and removed from the operation of the minority tolling provision by § 464.

¶ 12. As an alternative to application of minority tolling, plaintiffs argued before the trial court that the discovery rule delayed the commencement of the limitations period under the DSA until the earliest date upon which Marijah had information sufficient to put a reasonable person on notice that this particular defendant may have been liable for her injuries. See *Earle*, 170 Vt. at 193, 743 A.2d at 1108 ("The date of accrual under the statute of limitations seeks to identify the point at which a plaintiff should have discovered the basic elements

---

[6] Because the issue is conclusively resolved by Vermont precedent, there is no need to examine the law of foreign jurisdictions, as did the trial court and the parties in this case.

of a cause of action: an injury caused by the negligence or breach of duty of a particular defendant."). On appeal, defendant argues that (1) like the minority tolling provision, the discovery rule applies only to causes of action with a limitations period codified in chapter 23, and (2) because the DSA is in derogation of common law, it should be narrowly construed, and the discovery rule should not be read into the limitations period absent specific language to that effect.

¶ 13. In addressing these arguments, a brief background on the discovery rule is helpful. The discovery rule was first adopted by this Court in *Cavanaugh v. Abbott Laboratories*, 145 Vt. 516, 496 A.2d 154 (1985). Prior to our decision in *Cavanaugh*, we adhered to the rule that a cause of action accrued on the date of the last act of negligence by the defendant. See *Murray v. Allen*, 103 Vt. 373, 376, 154 A. 678, 679 (1931). While this Court was still operating under the *Murray* rule, the Legislature enacted 12 V.S.A. § 512(4), which defined the concept of accrual differently in cases of personal injury: as the date that the plaintiff discovered his or her injury. See *Cavanaugh*, 145 Vt. at 521, 496 A.2d at 158. Thereafter, a number of appeals were brought arguing that we should abandon the *Murray* rule and interpret the date of accrual as the date the plaintiff discovers the injury, bringing the common-law rule in line with the legislative enactment. *Id.* at 523-24, 496 A.2d at 159. Initially, we declined to do so, emphasizing that the Legislature had deemed it appropriate to enact a discovery rule with respect to certain causes of action and not others, and that the Court would not extend application of the concept further. *Id.* at 524, 496 A.2d at 159.

¶ 14. Finally in *Cavanaugh* we abandoned the *Murray* rule and the logic supporting it. *Id.* at 525, 496 A.2d at 160. Our reason for doing so was twofold: first, we considered the policy rationale underlying the discovery rule persuasive; second, there was a need to have a uniform definition of the term "accrue" wherever it appeared. See *Earle*, 170 Vt. at 192 n.6, 743 A.2d at 1107 n.6 (noting *Cavanaugh* adopted discovery rule "to unify the definition of accrual in statute of limitations cases and because allowing the limitations period to run before the plaintiff discovers an injury would be unjust"); see also *Cavanaugh*, 145 Vt. at 525-26, 496 A.2d at 160-61 (noting common-law discovery rule "coincides" with statutory definitions of the term "accrue"). In subsequent decisions, we clarified that a cause of action accrued when the plaintiff discovered both the injury and its cause. *Lillicrap*, 156 Vt. at 176, 591 A.2d at 47; *Earle*, 170 Vt. at 193, 743 A.2d at 1108 ("The date of accrual

under the statute of limitations seeks to identify the point at which a plaintiff should have discovered the basic elements of a cause of action: an injury caused by the negligence or breach of duty of a particular defendant.").[7]

¶ 15. Thus, it is apparent from the development of the rule at common law — in particular the ultimate rejection of any implicit legislative limitation on the rule and the overarching concern for a uniform approach — that it was intended to apply more broadly than any legislative enactment and does not require an expression of legislative intent to be applied in any particular case. Further, application of the discovery rule does not require that language or concepts be imported into a statute; rather, it is a rule providing for uniform interpretation of a recurring statutory term — that is, "accrue" and its variants. These characteristics of the discovery rule implicitly defeat both of defendant's arguments: that the discovery rule is limited to actions under chapter 23 or requires an express statement of legislative intent to apply.

¶ 16. This interpretation of the scope and function of the discovery rule is confirmed by our decision in *Leo v. Hillman*, 164 Vt. 94, 665 A.2d 572 (1995). There we explained that the discovery rule applies whenever a limitations period does not set forth a determinable fact that triggers accrual. *Id.* at 98-99, 665 A.2d at 575. For example, the limitations period for a wrongful death action, the statute at issue in *Leo*, runs from a date certain — the date of decedent's death. *Id.* The date of decedent's death is based on facts that "are known and indisputable." *Id.* at 97, 665 A.2d at 575. Therefore, in such cases, the discovery rule does not apply. By contrast, where a limitations period

---

[7] See also *Rodrigue v. VALCO Enters., Inc.*, 169 Vt. 539, 726 A.2d 61 (1999) (mem.) (assuming for purposes of argument that the discovery rule applied to DSA claim and concluding that action accrued, at very latest, when plaintiff knew he had been injured, knew identity of driver, and knew that driver had been drinking at defendant's establishment shortly before accident).

We note that *Rodrigue* did not decide whether the discovery rule applied to DSA actions, because we concluded that even under the most generous theoretical application of the rule, the plaintiff's action was still filed out-of-time. Therefore, *Rodrigue* comments only on the *latest* date on which the plaintiff's action could have accrued, not the earliest, which is the relevant consideration for purposes of determining whether the limitations period was met. See *id.* at 541, 726 A.2d at 63 (concluding that by the time the plaintiff knew of the facts listed above, "[the] plaintiff had *more than sufficient information* to alert him that a dram shop cause of action . . . might be available to him") (emphasis added).

simply refers to a set period of time from "accrual" of the action, this requires additional factual inferences to determine the date on which the action accrued — namely, when the plaintiff discovered or should have discovered his or her injury. *Id.* at 98, 665 A.2d at 575. While *Leo* held that *Cavanaugh* did not "require reading a discovery rule into every limitations provision within Vermont law," the discovery rule's method for calculating the date of accrual would apply "in any of the myriad of statutes in which the limitations period runs from the accrual date." *Id.* The first of this "myriad of statutes" that the opinion lists is 7 V.S.A. § 501(d), the limitations period of the DSA. *Id.* at 98 n.2, 665 A.2d at 575 n.2.

■ ¶ 17. Based on our rationale for applying the discovery rule, it is apparent that it applies to the limitations period under the DSA. Unlike the statutory minority tolling provision, the discovery rule is an overarching, common-law rule for interpreting a specific statutory phrase, "accrue" or its variants, wherever it appears, and it appears in the DSA. See 7 V.S.A. § 501(d) ("An action to recover for damages under this section shall be commenced within two years after the cause of action accrues, and not after.").[8] Application of the rule does not require us to import language into the statute, nor is it confined to limitations periods codified in chapter 23.

■ ¶ 18. Defendant also argues that plaintiffs had sufficient information to file their complaint as of December 4, 2002, the date of the accident, such that application of the discovery rule would not extend the time in which plaintiffs were entitled to file their action. Determination of the date of accrual under the discovery rule is a factual issue that generally should be decided by the jury. See *Lillicrap*, 156 Vt. at 172, 591 A.2d at 44 (holding that question of when injury was or reasonably should have been discovered is generally one of fact for jury to determine). We are reviewing a motion to dismiss a complaint, and there are no allegations in the complaint relative to when the limitation period commenced under the discovery rule.

---

[8] Defendant's argument that the phrase "and not after" at the conclusion of the DSA limitation provision somehow thwarts application of the discovery rule has no support either in logic or precedent. Indeed, *Cavanaugh* construed 12 V.S.A. § 512, which contains the exact same language, as implicitly including the common-law discovery rule even before the section was amended to expressly include the rule. See *Cavanaugh*, 145 Vt. at 522, 496 A.2d at 158-59.

Through memoranda of law, the parties started adding factual allegations when the court was considering whether to allow an interlocutory appeal and, if the appeal were allowed, the scope of the appeal. As we noted in ¶ 4, *supra*, the court never ruled on the merits of the discovery rule question. With no facts properly before it, the court never addressed whether plaintiffs' complaint was timely under the discovery rule or whether the issue should be decided by the jury. We conclude that, like the trial court, we cannot address whether plaintiffs' complaint was timely on the facts of this case. See *Brigham v. State*, 2005 VT 105, ¶ 12, 179 Vt. 525, 889 A.2d 715 (mem.) (court's function in reviewing a motion to dismiss is not to evaluate evidence that might be presented at trial but only to judge the legal sufficiency of the complaint).

¶ 19. In light of the Legislature's unequivocal intent to restrict minority tolling to those causes of action limited in chapter 23 of Title 12 — expressed in § 551(a) itself and in § 464 — minority tolling is not available to plaintiffs with respect to their DSA claim. The discovery rule, however, with its much broader application, is available to plaintiffs. The question of whether application of the discovery rule renders plaintiffs' filing timely in this particular case must be addressed on remand.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*