Jakeway *ex rel.* Estate of Jakeway v. Siva, No. 481-7-11 Rdcv (Teachout, J., July 2, 2012)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

### STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 481-7-11 Rdcv** |

**CYNTHIA LYNN JAKEWAY, Administratrix of
Estate of Wayne Jakeway and
PAMELA JAKEWAY,**
       **Plaintiffs**

**v.**

**ROSHAN SIVA, M.D.,**
       **Defendant**

### DECISION
### Defendant's Motion for Summary Judgment

In this medical malpractice action brought by the Administratrix of the Estate of Wayne Jakeway, the present motion calls upon the Court to determine which of two possible statutes of limitations applies to the case.  Defendant Roshan Siva, M.D. moves for summary judgment on the grounds that the suit is barred by the two-year statute of limitations for medical malpractice actions found in 12 V.S.A. § 521. Plaintiffs (the Administratrix of the Estate and the decedent's wife, who asserts a loss of consortium claim) assert that because this is a survival action, their suit is timely filed under 12 V.S.A. § 557(a), as it was commenced within two years of the appointment of an administrator as required by that statute. Oral argument on this motion was heard March 5, 2011. Defendant was represented by Karen S. Heald, Esq. Plaintiffs were represented by John J. Welch, Jr., Esq.

The relevant facts for purposes of this motion are not in dispute. The claim is that Defendant negligently failed to diagnosis a lung lesion visible in Wayne Jakeway's chest x-rays in November 2005. Notice of the missed diagnosis occurred no later than July 2006. Wayne Jakeway died on April 13, 2007.  Cynthia Jakeway was appointed as Administratrix of Wayne Jakeway's Estate on May 23, 2011. Plaintiffs commenced this suit on July 14, 2011.

12 V.S.A. § 521 sets forth the statute of limitations generally applicable to medical malpractice actions. It provides that medical malpractice actions must be brought within three years of the date of the incident or two years from the date the injury is or reasonably should have been discovered, whichever is later. *Id*. If the statute applies here, Plaintiffs' suit should have been brought no later than November 2008.  It was filed after that date.

12 V.S.A. § 557(a) addresses the tolling of the statute of limitations in the event of a death of a party. It states that if a potential plaintiff dies before the statute of limitations applicable to his cause of action has run, "the period of limitation as to such action shall cease to operate at the date of his death." *Id*. It continues: "After the issuance of letters testamentary or of administration, such action, if the cause of action survives, may be commenced by or against the executor or administrator within two years, and not after." *Id*. The suit is timely if this action is controlled by § 557(a) rather than § 521.

12 V.S.A. § 464 is in the same chapter (Title 12, Chapter 23) as both 12 V.S.A. § 557(a) and 12 V.S.A. § 521 and states: "The provisions of this chapter shall not affect an action otherwise specially limited by law." Defendant claims that Plaintiffs' suit is "otherwise specially limited by law" by operation of the medical malpractice statute of limitations contained in 12 V.S.A. § 521.

However, the medical malpractice statute of limitations, § 521, and the death of party statute of limitations, § 557(a), are both "provisions of this chapter." In fact, all of Vermont's *general* statutes of limitations are found within this chapter. See, e.g., 12 V.S.A. § 501 (fifteen-year statute of limitations for recovery of lands); 12 V.S.A. § 511 (six-year statute of limitations for civil actions); 12 V.S.A. § 512 (three-year statute of limitations for injuries to person or property). As noted below, there are special statutes of limitations contained in statutory causes of action in other titles.

By its very terms, 12 V.S.A. § 557(a) interferes with the normal operation of the statutes of limitations. Section 557(a) allows for tolling when, as here, a potential plaintiff dies before a suit is brought. See *Benson v. MVP Health Plan, Inc.*, 2009 VT 57, at ¶ 6, 186 Vt. 97. (stating that Section 557(a) tolls the normal limitations period upon a potential plaintiff's death and imposes a new two-year limitations period upon the appointment of an administrator). This tolling can have the effect of allowing a claim that could otherwise not have been brought due to the applicable statute of limitations. See *Estate of Harris v. Eichel*, 152 Vt. 180, 183 (1988) (holding that, depending on the circumstances, Section 557(a) can have the effect of either lengthening or shortening the limitations period).

It would be a strange result to conclude that existing statutes of limitations, contained within the same chapter as the tolling provision, are provisions that "*otherwise specially limit[]* by law" the operation of 12 V.S.A. § 557(a) (emphasis added) when they are specifically "provisions of this chapter." Rather, Section 557(a) is designed to amend the normal limitations periods. If Section 557(a) does not function to toll statutes of limitations also found in Title 12, Chapter 23, it serves no purpose whatsoever. The most natural and consistent reading of these provisions is that tolling is not allowed on the basis of a conflict with a statutory provision contained outside of Title 12, Chapter 23, but that tolling is allowed when the conflict is with a provision contained within Title 12, Chapter 23.

Defendant nevertheless asserts that the more specific provision of 12 V.S.A. § 521, dealing explicitly with medical malpractice actions, trumps the more general

language of 12 V.S.A. § 557(a), which applies to all survival actions. He argues by way analogy from the cases of *Parent v. Beeman*, 138 Vt. 607 (1980), and *Pike v. Chuck's Willoughby Pub, Inc.*, 2006 VT 54, 180 Vt. 25.

Neither of these cases is directly on point. *Parent v. Beeman* concerned a wrongful death action and not an action for injuries incurred prior to death. 138 Vt. at 609. The Vermont Supreme Court held that because the suit was a wrongful death action (which is a direct claim by a family member and not a claim held by decedent at the time of death), the provisions of 12 V.S.A. § 557(a) did not apply. *Id. Parent* is not analogous to the present case because Plaintiffs have brought a survival action for injuries incurred before death and not a wrongful death action. Thus, there is no external statute of limitations to look to as in the wrongful death context. See 14 V.S.A. § 1492(a) (two-year statute of limitations for wrongful death actions).

*Pike v. Chuck's Willoughy Pub, Inc.* addressed a minority tolling provision in relation to a claim under the Dram Shop Act. As with the wrongful death statute, the Dram Shop Act contains its own two-year statute of limitations and is not in Title 12, Chapter 23 but in 7 V.S.A. § 501(d). The Vermont Supreme Court rejected the plaintiffs' argument that the minority tolling provision found in 12 V.S.A. § 551(a) could allow a suit to be brought beyond the Dram Shop Act's limitations period. *Pike*, 2006 VT 54, at ¶ 11. The *Pike* Court held: "Because the DSA *contains its own limitations provision and is not codified in chapter 23*, an action under the statute is "otherwise specially limited" and removed from the operation of the minority tolling provision by § 464." *Id.* (emphasis added).

As the italicized language indicates, *Pike* is not a useful precedent for Defendant and in fact bolsters Plaintiffs' position. Unlike the Dram Shop Act or the wrongful death statute, the statute of limitations on which Defendant seeks to rely is codified in Title 12, Chapter 23. The medical malpractice statute of limitations found in 12 V.S.A. § 521, like any other statute of limitations contained in that chapter, is thus subject to 12 V.S.A. § 557(a) when a decedent dies before commencing a claim.

Defendant claims that the medical malpractice statute of limitations is more specific than the death of party statute of limitations, and that rules of construction favor application of the specific statute over the more general one. In the context of this case, the death of party statute of limitations in § 557(a) is the more specific statute as it pertains to the particular circumstances of the death of a party claimant prior to filing suit, whereas the medical negligence statute of limitations in § 521 is the more general one applicable to medical negligence cases generally.

12 V.S.A. § 557(a) is an overlay over the general time limitations, and specifically provides that an executor or administrator, once appointed, has a two year limit from the date of appointment to commence a suit. As noted in *Chuck's Willoughby, id.,* "the [normal] period of limitation as to such action *shall cease to operate* at the date of his death." § 557(a). The two year period addresses the special circumstances that an administrator needs time to become familiar with and evaluate the decedent's affairs,

3

including any potential legal claims, but must proceed within a reasonable two year period to pursue timely resolution of those affairs. The two year time period can either shorten or lengthen the underlying statute of limitations, depending on timing, but it is the governing statute as the regular statute of limitations has ceased to operate.

Defendant argues that such an interpretation means a potentially indefinite time period that amounts to no limitation at all. The fact that there is no required time limit on the appointment of an administrator is understandable in that there can be a wide variety of reasons for justifiable delay in the issuance of letters testamentary or the appointment of an administrator. As a practical matter, any executor or administrator, acting on behalf of the beneficiaries of the estate, has a practical incentive to proceed without undue delay in order to avoid loss of evidence necessary to meet the burden of proof.

Defendant argues that a medical negligence claim does not survive the decedent's death because it is not specifically designated as a survival action in Title 14, Chapter 11. 14 V.S.A. § 1453 cross references sections 1451 and 1452, which sufficiently include personal injury actions, of which a medical negligence case is a type, and specifically references claims commenced by an executor or administrator in addition to those commenced by the decedent prior to death.

Because the applicable statute of limitations had not run at the time Mr. Jakeway died and because the present suit was brought within two years of the appointment of the administrator as required by Section 557(a), the Administratrix's claim is not time-barred. Since Pamela Jakeway's claim for loss of consortium is derivative from the claim of the Administratrix, it is similarly not time-barred.

## ORDER

Defendant's Motion for Summary Judgment is *denied*.

Dated this ___ day of June, 2012.

_____
Hon. Mary Miles Teachout
Superior Court Judge

4