*Clark v. DiStefano*, 78-5-17 Oecv (Harris, J., Jan. 10, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Orange Unit | CIVIL DIVISION<br>Docket No. 78-5-17 Oecv |
| C. Wayne Clark,<br>    Plaintiff<br><br>v.<br><br>Richard A. DiStefano,<br>    Defendant | FINDINGS AND ORDER |

This is an action, with counts for breach of contract and quantum meruit, to collect a promissory note. Pending before the court are the parties' competing motions for summary judgment. Plaintiff is C. Wayne Clark ("Plaintiff" or "Mr. Clark") and the Defendant is Richard DiStefano ("Mr. DiStefano" or "Defendant").

The pertinent undisputed and disputed material facts are straightforward for purposes of ruling on the pending motions. On 12/29/06 Mr. DiStefano executed in favor of Mr. Clark a one page Promissory Note, for $16,500.00 (the "Promissory Note"). The Promissory Note carried interest at the rate of 8% per year and was repayable in 60 days following "written notice of demand". Good and sufficient consideration for the Note was given as it resolved a business dispute between the parties relating to OAS, LLC (d/b/a "Valley Vista").

The Promissory Note contains a provision, contained in its Paragraph 3, by which Mr. Clark, the lender, acknowledges that his receipt of the note and an identical one from John Duffy, represent a full settlement of any sums Mr. Clark may claim were owed him by Defendant (the note maker), Mr. Duffy or OAS, LLC.

The Promissory Note facially purports to state that Shawna Hervey, a Notary Public, witnessed Mr. DiStefano's signature to the note on 12/29/06. This is disputed as Mr. DiStefano contends the note was not witnessed when he signed it; that he signed the Promissory Note in New York State; and any signature of a claimed attesting witness was added later.

Mr. Clark made demand for payment of the Note in late April or early May, 2007. It was not paid then. In fact, no payments were received. Mr. Clark commenced a suit action on the Promissory Note on April 26, 2017, when the Complaint and Summons was served by an acceptance of service. Suit was filed on May 3, 2017. (See V.R.C.P. 3).

Mr. DiStefano claims he did not pay the Promissory Note in May 2007, as the parties discussed the note at that time, when Mr. Clark owed Defendant sums according to Defendant. Defendant claims the parties agreed that the sums they owed each other would offset each other. Mr. Clark contests those contentions.

LEGAL ANALYSIS

Under Rule 56 a party is entitled to summary judgment in its favor if the movant shows that, there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law.   In determining whether genuine issues of fact exist, the non moving party is to receive the benefits of all reasonable doubts and inferences.   *Samplid Enterprioses, Inc. v. First Vermont Bank*, 165 Vt. 22 (1996); *Messier v. Metro. Life Ins.  Co*., 154 Vt. 406 (1990).   Motions for summary judgment are and may be used to determine whether genuine issues of material fact exist, warranting the need for a trial.  *Bennett Estate v. Travelers Ins. Co*., 138 Vt. 189 (1980); *Sykas v. Kearns*, 135 Vt. 610 (1978).  Non-moving parties who wish to contest facts properly asserted by affidavit or otherwise in a motion for summary judgment must file a statement of contested facts and present references to admissible documents, affidavits or other admissible materials.  V.R.C.P. 56(c).

The parties' competing motions require the court to conclude what statutes of limitation apply to the obligation being sued on.   Demand for payment on the Promissory Note was made in April or May 2007, and suit not filed until 2017.  Defendant contends the note was not witnessed when he signed it, raising a fact question on that issue. Plaintiff claims the Promissory Note is a witnessed promissory note that is subject to the 12 V.S.A. § 508 fourteen-year limitations period and is thus timely.  This section provides, "[a]n action brought on a promissory note signed in the presence of an attesting witness shall be commenced within 14 years after the cause of action accrues, and not after." Defendant's contention the Promissory Note was not witnessed when he signed it raises material issues of fact as to whether the 14 year limitations period applies under any circumstances and requires denial of Plaintiff's motion for summary judgment.   There are issues of fact as to whether the action was filed timely.

Defendant takes the offense to also contend that he is entitled to summary judgment on statute of limitations grounds as a matter of law. He asserts alternative theories as to how this affirmative defense applies in this case.

First, Mr. DiStefano contends the Promissory Note cannot be viewed as a promissory note or a negotiable instrument, due to its language in its Paragraph 3.   Under the U.C.C. "negotiable instrument" definition, 9A V.S.A. § 3-104, the document must contain an unconditional promise to pay and  be one that is :

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

2

(3) <u>does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money</u>, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor."

§ 3-104 (underlining added). The Promissory Note's Paragraph 3 states, "Wayne C. Clark agrees that execution of this note and an identical note withy Richard A. DiStefano represents full settlement of any and all amounts due him from John A. Duffy, Richard A DiStefano, or OAS, LLC (dba Valley Vista)".

Thus Defendant argues the obligation being sued on is not a "promissory note" for § 508 purposes, but is one to enforce part of the parties' 2006 settlement contract and subject to the 12 V.S.A. § 511 contract six-year statute of limitations.

The court finds the Promissory Note is a "negotiable instrument" under 9A V.S.A. § 3-104. It contains Defendant's unconditional promise to pay 60 days after demand. The fact that its Paragraph 3 references the parties' settlement agreement out of which the note arises in the court's view "does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money". The clause merely recites the factual background prior to the giving of the note that in no way adversely affects the negotiability of the note. See example, *HSBC Bank USA v. Gouda*, 2010 WL 5128666 (N.J. Super. Ct. App. Div. 2010)(a right to prepayment contained in a promissory note does preclude it from serving as a negotiable instrument under the U.C.C. as "[t]he right of [borrowers], under the note, to prepay part of the principal does not constitute an 'additional undertaking or instruction' that adversely affects the negotiability of the note").

9A V.S.A. § 3-106 discusses unconditional promise or orders. It states in pertinent part that a promise or order is unconditional "unless it states that the. . . promise or order is subject to or governed by another writing." The fact the Promissory Note references the parties' other settlement does not make any reference to the settlement as an implied condition to the promise to pay. See Comment 1 to § 3-106. This official U.C.C. Comment describes how an instrument stating "[i]n consideration of John Doe's promise to convey Blackacre I promise to pay $100,000 to John Doe" may create an unconditional promise to pay because, "[a]lthough the recital of the executory promise of Doe to convey Blackacre might be read as an implied condition that the promise be performed, the condition is not an express condition as required under Section 3-106(a)(1).

Defendant next contends that the Promissory Note, if it is a negotiable instrument, it is subject to the Vermont U.C.C. limitations periods that specifically apply and override even the claim that 12 V.S.A. § 508 applies to the Promissory Note (if it was witnessed).

The U.C.C. has a statutory section, entitled "statutes of limitations", that applies to actions to collect on certain negotiable instruments such as promissory notes. 9A V.S.A. § 3-118. The Promissory Note in issue had a demand for payment provision. The pertinent subsection of the statute, § 3-118(b), provides that "if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand."

Assuming the Promissory Note was witnessed, this would create the issue whether the six year period of 9A V.S.A. § 3-118(b), or the fourteen year period of 12 V.S.A. § 508, applies to this case. There is a longstanding statutory construction principle for statutes of limitation that "where there is a conflict between a general statute of limitations and a specific statute of limitations, the latter will prevail" *Aube v. O'Brien*, 140 Vt. 1, 4 (1981)(citing *Glabach v. Sadelli*, 132 Vt. 490, 496 (1974). This principle of construction is not self-executing in this instance. In one sense each of these proffered limitations statues are more "specific" than the general six-year contract limitations period found at 12 V.S.A. § 511. Section 508 pertains to ***witnessed promissory notes***, which according to Mr. Clark, the Promissory Note was at the time it was executed. Section 3-118(b) by contrast is specific to ***negotiable demand notes*** and thus is also more specific or narrow than §511.

Mr. DiStafano asks the court to resolve this issue by resort to 12 V.S.A. § 464, which simply states: "The provisions of this chapter shall not affect an action otherwise specially limited by law." 12 V.S.A. § 464 is in the same chapter (Title 12, Chapter 23) as 12 V.S.A. § 508 and 12 V.S.A. § 511. Mr. DiStefano claims that Mr. Clark's suit is barred because the six-year limitation period specified in 9A V.S.A. § 3-118(b) is one "otherwise specially limited by law" and controls over the 14-year period provided for in Title 12, Chapter 23's 12 V.S.A. § 508.

Section 464 has been interpreted on a few occasions by the Vermont Supreme Court. In *Mier v. Boyer*, 124 Vt. 12 (1963), the Court faced the issue whether the 14 V.S.A. § 1492(a) Wrongful Death Action ("WDA") limitations statute, requiring WDA actions be filed within two years of the decedent's death, was modified by the 12 V.S.A. § 557 provision that allows certain actions by an estate to be brought within two years after appointment of an administrator. In finding the that Section 1492 two-years-from-death provision was not modified by §557, the *Mier* Court noted that the WDA provision was a special limitation under 12 V.S.A. § 464, which prevented applying the title 12 provision (§557) to the Title 14 WDA limitations statute.

The Court reached the same conclusion again in *Parent v. Beeman*, 138 Vt. 607 (1980). Again the Court concluded the 14 V.S.A. § 1492(a) two year statute of limitations for WDA's is not extended by 12 V.S.A. §557. In the portion of its opinion explaining the application of 12 V.S.A. section 464, the *Parent* Court reasoned that wrongful death actions are not referenced in Chapter 23 of Title 12, and §1492, allowing for recovery for wrongful death, was "spelled out in a different title altogether" and thus was "otherwise specially limited" under Section 464.

12 V.S.A. § 464 was also analyzed in *Pike v. Chuck's Willoughy Pub, Inc.*, 2006 VT 54, 180 Vt. 25. As Judge Teachout has succinctly summarized this case:

> *Pike v. Chuck's Willoughy Pub, Inc.* addressed a minority tolling provision in relation to a claim under the Dram Shop Act. As with the wrongful death statute, the Dram Shop Act contains its own two-year statute of limitations and is not in Title 12, Chapter 23 but in 7 V.S.A. § 501(d). The Vermont Supreme Court rejected the plaintiffs' argument that the minority tolling provision found in 12 V.S.A. § 551(a) could allow a suit to be brought beyond the Dram Shop Act's limitations period. *Pike,* 2006 VT 54, at ¶ 11. The *Pike* Court held: "Because the DSA *contains its own limitations provision and is not codified in chapter 23,* an action under the statute is 'otherwise specially limited' and removed from the operation of the minority tolling provision by § 464 " *Id.* (emphasis added).
>
> *Jakeway v. Siva*, 2012 WL 4294087, Docket No. 481-7-11 Rdcv (6/2/12)(Teachout, J.)

Reviewing these precedents, the court finds that 9A V.S.A. § 3-118(b) is a provision that "otherwise specially limit[s]" the time period to bring an action on a demand note. The provision is contained in a separate title (9A) from Title 12. Analogous to Pike, the Vermont U.C.C. commercial paper article "contains its own limitations provision and is not codified in Chapter 23." *Pike,* 2006 VT 54, at ¶ 11. To borrow Judge Teachout's phraseology, § 3-118(b) limitations provision contained in Title 9A is an "*external* statute of limitations to look to" for Title 12, Chapter 23's § 464 purposes. *Jakeway, supra* (emphasis added).

The Vermont U.C.C. Title 9A, Article 3 provisions also include extensive provisions as to how commercial paper may be transferred and enforced by persons, including the original lender or holder of a note. The six year limitation period of § 3-118(b) applies to demand notes, and also covers the situation as to when demand notes go stale after no interest or principal has been paid on them for extended periods. Specifically, the statute states that collection on such a note is barred when neither principal nor interest remain continuously unpaid for 10 years. Like the Title 14 WDA provisions considered in *Mier* and *Pike*, the Title 9A provisions include not only a separate limitations periods but other integrated provisions that define parties' rights. This helps support the conclusion this Title 9A section is one intended to "specifically limit[]" the application of the Title 12, Chapter 23 provisions.

As the § 3-118(b) U.C.C. limitation provision is one that specifically limits the time to sue on a demand note and is found in a statute that is external to Chapter 23, Title 12, the court finds that 12 V.S.A. section 508 does not affect the right to bring the action on the subject Promissory Note. The limitations period applicable to collection on the demand note ran in or around May 2013. Judge Cohen has also concluded that the six year Title 9A U.C.C. § 3-118 commercial paper limitations periods prevail over the longer 12 V.S.A. § 508 14-year periods, when the provisions of 12 V.S.A. § 464 are analyzed. See *Hubbard v. Hubbard,* 2008 Vt. Super LEXIS 72, Docket No. 499-7-08Rdcv (12/18/08).

Mr. DiStefano has proven the grounds for his affirmative defense of statute of limitations as a matter of law. Therefore, even if Defendant originally owed Mr. Clark on the note (that is, if

a factfinder were to reject Mr. DiStefano's offset, accord and satisfaction or payment defenses), the action to collect the note would still be subject to dismissal as stale.

Mr. DiStefano seeks summary judgment on a limitations defense to the entire complaint, but has not expressly addressed the second count. In count 2 Mr. Clark also seeks to recover for sums lent or otherwise due under the theory of quantum meruit. This doctrine is similar to unjust enrichment. The Vermont Supreme Court has referred to these equitable doctrines as ones where the plaintiff "seeks to impose a quasi-contract obligation" on the defendant. *DJ Painting, Inc. v. Baraw Enterprises, Inc.*, 172 Vt. 239, 242 (2001). As the Court further explained:

> The distinction between the two lies not in the alleged wrong committed by the defendant but rather in the measure of recovery for that wrong. "Unjust enrichment focuses on the value of the benefit actually conferred upon the defendant. Quantum meruit, on the other hand, is determined by the reasonable value of plaintiff's services regardless of their value to defendant." *In re Estate of Elliott,* 149 Vt. 248, 253 n. 2, 542 A.2d 282, 285–86 n. 2 (1988).

*DJ Painting, Inc, supra* at fn 2. In considering the statute of limitations that applies to a quantum meruit claim, it is noteworthy that in *Stankiewicz v. Estate of LaRose*, 151 Vt. 453, 456-57 (1989), the Court applied the six-year limitation period of 12 V.S.A. §511 to a claim for unjust enrichment. In *Stankiewicz*, the Court found the unjust enrichment claim accrued when the defendant insurer paid the proceeds under an insurance policy to a policy holder for whom the insurer allegedly could and should have discovered had been involved in intentionally setting the fire. The Court rejected, on the case facts, the claimed limitations tolling for fraud and found the insurer waited too long to assert the unjust enrichment claim.

The court believes Mr. Clark's quantum meruit claim is similarly subject to the Section 511 limitations period, for which the accrual period started to run 60 days after the late April to early May, 2007 payment demand that was rebuffed by Mr. DiStefano (according to Mr. Clark). The limitations claim for this count also passed by the time the suit was filed.

CONCLUSION

**Based on the foregoing, Plaintiff's motion for summary judgment is DENIED, and Defendant's motion for Summary Judgment is GRANTED as to the statute of limitations defense.**

**Pursuant to V.R.C.P. 58(d) Defendant's counsel may submit a proposed judgment order, granting judgment for Defendant on both counts, for the court to enter as a final order consistent with this order and opinion.**

_____

Michael J. Harris
Superior Court Judge