NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 82

No. 2018-050

| | |
|---|---|
| C. Wayne Clark | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Orange Unit, |
| | Civil Division |
| | |
| Richard A. DiStefano | May Term, 2018 |

Michael J. Harris, J.

James C. Foley and Elijah R. Bergman (On the Brief) of Lynch & Foley, P.C., Middlebury, for
 Plaintiff-Appellant.

Steven P. Robinson of Diamond & Robinson, P.C., Montpelier, for Defendant-Appellee.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **ROBINSON, J.** Plaintiff Wayne Clark appeals the trial court's grant of summary judgment on statute of limitations grounds to defendant Richard DiStefano in connection with Clark's claim to collect on a promissory note. Clark argues that the court erroneously applied the six-year statute of limitations for demand notes found in the Uniform Commercial Code (UCC), 9A V.S.A. § 3-118(b), rather than the fourteen-year statute of limitations for witnessed promissory notes, located in 12 V.S.A. § 508. We affirm.

¶ 2. The undisputed facts and disputed facts viewed in favor of Clark, as the nonmoving party, are as follows. In December 2006, DiStefano executed a witnessed promissory note for

$16,500, payable to Clark upon sixty days written notice of demand.[1] The note arose from a broader set of business dealings between the parties. In late April or early May 2007, Clark provided DiStefano written demand to pay the promissory note, but DiStefano did not comply. Clark filed suit to collect on the note in April 2017, approximately ten years after his written notice of demand.

¶ 3. The parties filed competing motions for summary judgment, each arguing that a different statute of limitations should apply in this action. Clark contended the operative statute of limitations in this case was 12 V.S.A. § 508, which states, "An action brought on a promissory note signed in the presence of an attesting witness shall be commenced within 14 years after the cause of action accrues, and not after." DiStefano asserted that the UCC provision for demand notes governed this matter. Specifically, 9A V.S.A. § 3-118(b) declares that "if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand." DiStefano relied on 12 V.S.A. § 464, which states "[t]he provisions of this chapter shall not affect an action otherwise specially limited by law." He argued that pursuant to this statute, the special limitations period reflected in 9A V.S.A. § 3-118(b) trumped the limitations period embodied in 12 V.S.A. § 508, which is in the same chapter as § 464.

¶ 4. The trial court agreed with DiStefano, denied Clark's motion for summary judgment, and granted summary judgment to DiStefano on the basis of the statute of limitations.

¶ 5. On appeal, Clark contends the trial court erred in concluding that the six-year limitations period in 9A V.S.A. § 3-118(b) was "specially limited by law," 12 V.S.A. § 464, and took precedence over 12 V.S.A. § 508. He argues that the disparate limitations statutes can be

---

[1] DiStefano disputes that the promissory note was witnessed. For the purposes of reviewing the trial court's award of summary judgment to DiStefano, we view this disputed fact in the light most favorable to Clark.

harmonized by an interpretation that applies § 508 when a promissory note is witnessed, but § 3-118(b) for other, nonwitnessed demand notes. He further argues that the cases relied upon by the trial court in construing § 464 are distinguishable, and that the trial court's approach improperly repeals § 508 by implication.

¶ 6.     In reviewing a denial or grant of summary judgment, we apply the same standard as the trial court. In re Carter, 2004 VT 21, ¶ 6, 176 Vt. 322, 848 A.2d 281. "Summary judgment is appropriate when there are no genuine issues of material fact and, viewing the evidence in a light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law." Id. (citation omitted); see also V.R.C.P. 56(a).

¶ 7.     We affirm. The interpretive rule reflected in 12 V.S.A. § 464 resolves the potential conflict between the two applicable limitations periods in favor of 9A V.S.A. § 3-118(b). This conclusion is consistent with our caselaw, and does not amount to an improper implied repeal of 12 V.S.A. § 508.

¶ 8.     The terms of 12 V.S.A. § 464 establish the framework for resolving conflicts like this. When interpreting statutory provisions, we begin with the plain language of the statute, and, if possible, resolve any questions on this basis alone. Dep't of Taxes v. Murphy, 2005 VT 84, ¶ 5, 178 Vt. 269, 883 A.2d 779. Section 464 states "[t]he provisions of this chapter shall not affect an action otherwise specially limited by law." Section 508, reflecting the fourteen-year statute of limitations for witnessed promissory notes, is in the same chapter of Title 12 as § 464—Chapter 23. For that reason, it is among the provisions that, pursuant to the terms of § 464, "shall not affect an action otherwise specially limited by law." On the other hand, 9A V.S.A. § 3-118(b) is outside of Chapter 23 of Title 12 and unquestionably applies to negotiable demand notes—whether witnessed or not. Section 464 signals that applicable statutes of limitations outside of Title 12, Chapter 23 trump potentially applicable limitations periods within that chapter. Accordingly, the six-year statute of limitations in § 3-118(b) governs in this case.

¶ 9.     This conclusion is consistent with our cases resolving similar conflicts.  In <u>Mier v. Boyer</u>, this Court considered the interplay between the wrongful death statute in Title 14, which requires that a wrongful death action be commenced within two years <u>of the decedent's death</u>, and a general tolling provision in Chapter 23 of Title 12 providing that in the event of a party's death, a limitation of two years applies to actions that survive, beginning after <u>the appointment of an executor or administrator</u>.  124 Vt. 12, 13, 196 A.2d 501, 502 (1963).  Although we concluded that the limitations period as set forth in the wrongful death statute would apply even absent § 464, we identified § 464 as another basis for rejecting the argument that the provision in Chapter 23 applied.  We elaborated on this reasoning in <u>Parent v. Beeman</u>, responding to a similar effort to leverage a tolling provision in Chapter 23 of Title 12 in a wrongful death case subject to a statute of limitations outside of that chapter:

> The second compelling reason for holding § 557 inapplicable here is found in 12 V.S.A. § 464, contained in the same chapter (Chapter 23) with 12 V.S.A. § 557(a).  That section reads: "The provisions of this chapter shall not affect an action otherwise specially limited by law."  Quite clearly, this provision limits the application of § 557(a).  No reference appears in Chapter 23, as we have pointed out, to recovery for wrongful death.  Such recovery, spelled out in a different title altogether, is indeed "otherwise specially limited," because the time allotted for suit is set up by the same statute which outlines the requisites for maintaining the action.

138 Vt. 607, 610, 420 A.2d 866, 868 (1980).

¶ 10.     More recently in <u>Pike v. Chuck's Willoughby Pub, Inc.</u>, this Court relied on § 464 to define the interplay between a minority tolling provision in Title 12, Chapter 23 and the statute of limitations in the Dram Shop Act, codified in Title 7.  2006 VT 54, ¶ 10, 180 Vt. 25, 904 A.2d 1133.  We stated, "the reasoning in <u>Parent</u> dictates the same result in [Pike]."  <u>Id</u>. ¶ 11. "Because the [Dram Shop Act] contains its own limitations provision and is not codified in chapter 23, an action under the statute is 'otherwise specially limited' and removed from the operation of the minority tolling provision by § 464."  <u>Id</u>.

4

¶ 11.	Clark is right that these cases are distinguishable on their facts.  In all three cases, the Court considered a statute that created a new cause of action not available at common law, and not otherwise specifically addressed by any statute of limitations in Chapter 23 of Title 12.  In all three cases, the plaintiff sought to apply a general tolling provision from Chapter 23 of Title 12 to the novel statutory cause of action.  And in all three cases, an argument could be made that the tolling provision at issue, by its own terms and without regard to 12 V.S.A. § 464, did not apply to statutes of limitations outside of that chapter.  But our reasoning in these cases, and especially in Parent and Pike, did not rest on these narrow distinctions.  In Pike, we recognized that our analysis in Parent relied both on the constraints in the language of the tolling provision itself, and on the operation of § 464 with respect to a statute of limitations not codified within Chapter 23 of Title 12.  2006 VT 54, ¶ 10.   We expressly adopted the same reasoning in Pike.  Id. ¶ 11.  The bottom line is that § 464 does not draw a distinction between statutes outside of Chapter 23 of Title 12 that codify new causes of action not previously recognized at common law, and those, like the UCC, that codify preexisting common law principles.  In both circumstances, § 464 provides that the statute of limitations outside of Chapter 23 of Title 12 prevails.

¶ 12.	We acknowledge that as a practical matter the operation of § 464, as we have described, eviscerates the applicability of § 508 with respect to witnessed demand notes, but we conclude that this impact is an unavoidable consequence of § 464 combined with the Legislature's enactment of a distinct statute of limitations for demand notes outside of Title 12, Chapter 23.   If the issue in this case was whether, as a later-enacted statute of limitations governing demand notes, § 3-118(b) impliedly repealed § 508 insofar as it applies to demand notes, Clark's arguments that repeal by implication are disfavored would carry more weight.  But our analysis does not turn on the impact of the later-enacted statute of limitations for demand notes in § 3-118(b) on the longstanding limitations period for witnessed promissory notes in § 508; it rests instead on the

5

effect of § 464—the interpretive tool the Legislature has given us for resolving just these kinds of conflicts.[2]

¶ 13.   In light of these considerations, we conclude that the operative statute of limitations in this case is the six-year period per 9A V.S.A. § 3-118(b) and affirm the trial court's grant of summary judgment to DiStefano.

Affirmed.

FOR THE COURT:

_____

Associate Justice

---

[2] For this reason, we conclude that the Maine Supreme Judicial Court decision relied upon by Clark is inapplicable.  See Fleet Nat'l Bank v. Liberty, 2004 ME 36, 845 A.2d 1183.  In that case, the Maine Supreme Judicial Court relied on the canons of statutory construction, including the presumption against repeal by implication, in concluding that Maine's UCC did not impliedly repeal a twenty-year statute of limitations for witnessed promissory notes.  Id. ¶¶ 6-11.  But Maine's statutes did not include an interpretive directive like § 464 that governed its analysis.